1   Patrick W. Dennis
2   Casey N. Carrington
    Beth A. Coombs
3   GIBSON DUNN & CRUTCHER LLP
    333 South Grand Avenue
4   Los Angeles, California  90071-3197
5   Telephone:  213.229.7567
    Facsimile:  213.229.6567
6   Email:  PDennis@gibsondunn.com
    Email:  CCarrington@gibsondunn.com
7   Email:  BCoombs@gibsondunn.com
8
    David M. LaSpaluto (#024641)
9   PERKINS COIE BROWN & BAIN P.A.
10  2901 North Central Avenue, Suite 2000
    Phoenix, Arizona  85012-2788
11  Telephone:  602.351.8000
    Facsimile:  602.648.7000
12  Email:  DLaSpaluto@perkinscoie.com
13
    Attorneys for Defendant
14  Intel Corporation
15
                    UNITED STATES DISTRICT COURT
16
                        DISTRICT OF ARIZONA
17

18  Noah Manspeaker, by his Parents and Natural      No. CV2010-1578
    Guardians, Chris Manspeaker and Christine
19  Kennedy and individually; and Reanne
    Shaman, by her Parents and Natural               State Court No. CV2010-011544
20  Guardians, Mark Shaman and Julianne
    Shaman and individually,
21
                        Plaintiffs,                  **DEFENDANT INTEL
22                                                    CORPORATION'S NOTICE OF
            v.                                        REMOVAL**
23
    Intel Corporation, a foreign corporation, and
24  ASM America, Inc., a foreign corporation;
    John Does I-X; XYZ corporations I-X,
25
                        Defendants.
26

27

28

Defendant Intel Corporation ("Intel") hereby removes to this Court the state court action described below:

1.      On April 28, 2010, Plaintiffs filed this action in the Superior Court of Maricopa County, Arizona, entitled *Manspeaker et al. v. Intel Corporation et al.*, Docket No. CV2010-011544.

2.      On June 24, 2010, Plaintiffs served both Intel and the only other named defendant, ASM America, Inc. ("ASM America"), with a summons and a copy of the First Amended Complaint ("FAC") filed in this action.

3.      All Plaintiffs are alleged to be "residents" of Maricopa County, Arizona. (FAC ¶¶ 2, 7.)

4.      Intel is a citizen of both Delaware and California, pursuant to 28 U.S.C. § 1332(c)(1):  Intel is incorporated in Delaware and has its principal place of business in California.  (Affidavit of Cary I. Klafter ¶ 2, attached as Exh. A.)

5.      ASM America is alleged to be a citizen of both Delaware and Arizona. (FAC ¶ 12.)

6.      The FAC alleges that Plaintiffs Chris Manspeaker, Christine Kennedy, Mark Shaman, and Julianne Shaman (collectively, "Adult Plaintiffs"), former Intel employees, were exposed to chemicals while working in certain of Intel's facilities and further alleges that those exposures lead to injuries to Plaintiffs' minor children (collectively, "Minor Plaintiffs").

7.      Intel filed its answer in Arizona state court on July 14, 2010.  Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely filed.  Attached as Exhibit E are the records identified in 28 U.S.C. § 1446, including all documents appearing in the record of the state court proceedings, other than the motions for admission pro hac vice of certain plaintiffs' counsel.

8.      Plaintiffs' FAC is removable to this Court under 28 U.S.C. §§ 1332, 1441(a), (b), and 1446 because complete diversity of citizenship exists between all Plaintiffs and Intel, the only properly-joined defendant, and the amount-in-controversy

1    requirement is met.  ASM America, the only entity identified in the FAC that is non-

2    diverse from Plaintiffs, has not been properly joined as a defendant.  ASM America's

3    presence as a defendant, therefore, does not destroy this Court's diversity jurisdiction or

4    otherwise preclude removal.  *See, e.g., Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir.

5    2007) ("Where . . . [a] plaintiff fails to state a cause of action against a resident defendant,

6    and the failure is obvious according to the settled rules of the state, the joinder of the

7    resident defendant is fraudulent and removal is proper.") (citation and internal quotation

8    marks omitted); 28 U.S.C. § 1441(b) (providing that an action is removable if "none of the

9    parties in interest *properly joined* and served as defendants is a citizen of the State in

10   which such action is brought") (emphasis added).

11   **I.      This Court Has Diversity Jurisdiction Over This Action.**

12           9.      Diversity jurisdiction is present when there is complete diversity of

13   citizenship between each plaintiff and each defendant, properly joined, and the amount in

14   controversy requirement has been satisfied.  28 U.S.C. § 1332(a).  For the purposes of

15   determining whether complete diversity exists, the citizenship of improperly-joined

16   defendants is disregarded.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061,

17   1067 (9th Cir. 2001).

18           **A.      The Amount In Controversy Exceeds $75,000.**

19           10.     For diversity jurisdiction to exist, the amount in controversy must exceed

20   $75,000.  28 U.S.C. § 1332(a).  Where, as here, the operative complaint fails to specify

21   the amount of damages sought, the removing defendant must only show "by a

22   preponderance of the evidence that the amount in controversy requirement has been met."

23   *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (citations

24   omitted).  For amount in controversy purposes, both prospective compensatory and

25   prospective punitive damages, where permitted by state law, must be considered.  *See*

26   *generally Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005); *see,*

27   *e.g., Golonka v. General Motors Corp.*, 65 P.3d 956, 972-73 (Ariz. App. 2003) (affirming

28   under Arizona law a punitive damages award for products liability claim).

11.     Here, Plaintiffs seek compensatory and punitive damages for a litany of alleged harms, including but not limited to:

- "[M]ental retardation, with cognitive and developmental disabilities; impaired vision; [and] brain injury, including posterior fossa cyst, thin corpus callossum, and microcephaly" claimed by Minor Plaintiff Noah Manspeaker (FAC ¶ 45);

- "[R]ight hemiparesis; epilepsy disorder; [and] cognitive and language impairment" claimed by Minor Plaintiff ReAnne Shaman (FAC ¶ 46);

- "[P]hysical pain and suffering; physical disabilities; mental anguish; loss of the enjoyment of life's pleasures; inability to participate in . . . usual activities; lost income and earning opportunities; medical expenses; other economic loss;" and other unspecified damages claimed by both Minor Plaintiffs (FAC ¶¶ 45-46);

- "[L]ost and [continuing loss of the] companionship, society, and services of their injured children; "[suffered] and [continuing suffering of] mental anguish arising from the injuries to their respective children; . . . medical costs and other expenses arising from the injuries to their respective children;" and other unspecified damages claimed by all four Adult Plaintiffs (FAC ¶ 47).

In view of the litany of harms alleged and the relief sought, it is clear that the amount in controversy for Plaintiffs as a group (or, to the extent that any family member is considered a separate plaintiff, then each such member's amount in controversy), exceeds $75,000.  *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding it "facially apparent" that plaintiff's alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" exceeded the requisite $75,000 limit); *Dahlren v. IBM Corp.,* Case No. CV-08-342-FVS, 2009 U.S. Dist. LEXIS 4493, at *3-4 (E.D. Wash. Jan. 12, 2009) (finding that "it is reasonable to conclude that the amount in controversy exceeds the jurisdictional amount" where plaintiff alleged second and third degree burns to her legs resulting in significant

1    pain and suffering, and exercising diversity jurisdiction over the case) (attached as Exh.

2    D).

3    **B.     ASM America Was Fraudulently Joined.**

4    12.     The citizenship of ASM America must be disregarded because it was

5    fraudulently joined.  "Joinder of a non-diverse defendant is deemed fraudulent, and the

6    defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the

7    plaintiff fails to state a cause of action against a resident defendant, and the failure is

8    obvious according to the settled rules of the state."  *Morris*, 236 F.3d at 1067 (citations

9    and internal quotation marks omitted).

10   13.     To determine whether Plaintiffs have stated a cause of action against ASM

11   America, this Court must consider both (1) Plaintiffs' allegations as stated in the FAC, the

12   operative pleading at the time of removal, and (2) Defendant's facts demonstrating that

13   joinder is fraudulent.  As the Ninth Circuit summarized in *Ritchey v. Upjohn Drug Co.*,

14   139 F.3d 1313 (9th Cir. 1998), "In deciding whether a cause of action is stated we have

15   declared that we will look only to a plaintiff's pleadings to determine removability. . . .

16   Where fraudulent joinder is an issue, we will go somewhat further.  The defendant seeking

17   removal to the federal court is entitled to present the facts showing the joinder to be

18   fraudulent."  *Id.* at 1318 (citations and internal quotation marks omitted).

19   14.     Here, when Plaintiffs' allegations are laid alongside Defendants' affidavits,

20   Plaintiffs' failure to state a claim against ASM America becomes apparent:  As alleged in

21   the FAC, Plaintiffs incurred harm up to one point in time.  (FAC ¶¶ 3, 8, 45-46).  But

22   ASM America's alleged supply of equipment and services to Intel (FAC ¶ 33) occurred at

23   a *later* point in time, *after* Plaintiffs incurred the alleged harm.  The flaw in Plaintiffs'

24   joinder attempt is simple and fatal: timing.

25   15.     As plainly stated in the FAC, Plaintiffs' allegations against ASM America

26   — contained in only three paragraphs in an 82-paragraph pleading — are limited to

27   equipment and services provided by ASM America to Intel's Chandler, Arizona facilities.

28   (*See, e.g.,* FAC ¶ 33 (alleging that ASM America "at all relevant times was a supplier and

1  servicer of wafer processing tools and equipment to Defendant Intel's Chandler, Arizona

2  semiconductor facility . . . .").)

3       16.    Critically, as set forth in the Affidavit of James Prindiville ("Prindiville

4  Aff."), attached as Exhibit C, ASM America has supplied equipment to only two Intel

5  facilities in Arizona: (1) Fab[1] 12, with the first delivery between October and December

6  2004, and (2) Fab 32, with the first delivery between November 2006 and January 2007.

7  Based upon Intel's records, **none of the Adult Plaintiffs worked at either Fab 12 or**

8  **Fab 32 after the installation of ASM America equipment but prior to the births of**

9  **the respective Minor Plaintiffs.** (*See* Prindiville Aff. ¶¶ 3-5; Affidavit of Debbie R.

10  Oldham-Auker ("Oldham-Auker Aff."), ¶¶ 3-6, attached as Exh. B.)

11       17.    To summarize, Plaintiffs have failed to state a claim in the FAC against

12  ASM America because the timeline of events — a timeline based on Plaintiffs' own

13  allegations and Defendants' factual affidavits — demonstrates that Plaintiffs cannot

14  possibly succeed with their FAC claim against ASM America.

15  
16  • March 1983:          Julianne Shaman begins work in Intel's Hawthorn
17                         Farm 2 facility in Hillsboro, Oregon. (Oldham-Auker
                           Aff. ¶ 6.) She remains employed in this facility until
                           her August 1991 departure from Intel. (*Ibid.*)

18  • March 1996:          Mark Shaman begins work in Intel's Fab 12 facility,
19                         which is located at the Ocotillo campus in Chandler,
20                         Arizona. (*Id.* ¶ 5.)

21  • **March 1998:**      **ReAnne Shaman is born. (FAC ¶ 8.)**

22  • April 1998:          Mark Shaman transfers to Intel's Hillsboro, Oregon
23                         facilities. (Oldham-Auker Aff. ¶ 5.)

24  • October 2004:        Christine Kennedy begins work in Intel's Chandler 7
25                         facility, which is located at the Chandler campus in
                           Arizona. (*Id.* ¶ 4.)

26  
27  _____

28  [1]  The term "Fab" refers to a facility that is used for the fabrication of chips or wafers for
     the manufacture of semiconductors.

- Dec. 2004:  For the first time, ASM America-supplied equipment is introduced at an Intel facility in Arizona: Fab 12 at the Ocotillo campus.  The delivery and installation processes begin no earlier than October 2004.  Fab 12 starts up the equipment for the first time in December 2004, more than six years after the birth of ReAnne Shaman.  (Prindiville Aff. ¶ 4.)

- April 2005:  Chris Manspeaker begins work in Intel's Fab 22 facility, which is located at the Ocotillo campus.  (Oldham-Auker Aff. ¶ 3.)

- **March 2006:**  **Noah Manspeaker is born.  (FAC ¶ 3.)**

- August 2006:  Chris Manspeaker transfers to Intel's Fab 32 facility, which is located at the Ocotillo campus.  (Oldham-Auker Aff. ¶ 3.)

- January 2007:  For the first time, ASM America-supplied equipment is introduced at Fab 32 at the Ocotillo campus.  The delivery and installation processes begin no earlier than November 2006.  Fab 32 starts up the equipment for the first time in January 2007, well after the birth of Noah Manspeaker.  With this start up, Fab 32 joins Fab 12 as the only Intel Arizona facilities that use ASM America-supplied equipment.  (Prindiville Aff. ¶ 5.)

II.    **ASM America Consents To This Notice Of Removal, To The Extent Its Consent Is Necessary.**

18.    The undersigned, counsel of record for Intel, certifies that all Defendants consent to removal of this action, including ASM America, to the extent its consent is deemed necessary.

WHEREFORE, Defendant Intel Corporation requests that this Court assume full jurisdiction over this action.

1      Dated:  July 26, 2010      **GIBSON DUNN & CRUTCHER LLP**

2                                   Patrick W. Dennis
                                   Casey N. Carrington

3                                    Beth A. Coombs
                                   333 South Grand Avenue

4                                    Los Angeles, California  90071-3197

5

6                                    **PERKINS COIE BROWN & BAIN P.A.**

7

8                                    /s/ David M. LaSpaluto

9                                    David M. LaSpaluto
                                   2901 North Central Avenue, Suite 2000

10                                   Phoenix, Arizona  85012-2788

11                                  Attorneys for Defendant Intel Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

☒      I hereby certify that on July 26, 2010, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to the following ECF registrants:

**Richard S. Plattner:  RPlattner@plattner-verderame.com**

**Frank Verderame:  FVerderame@plattner-verderame.com**

**Randall A. Hinsch:  RHinsch@plattner-verderame.com**

**Stephen D. Hoffman:  SHoffman@lbbslaw.com**

☒      I hereby certify that on July 26, 2010, I served the attached document by mail on

the following, who are not registered participants of the CM/ECF System:

Steven J. Phillips
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, New York  10022

David D. Strouss
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, Massachusetts  02110

Richard S. Plattner
Frank Verderame
Randall A. Hinsch
Plattner Verderame PC
P.O. Box 36570
Phoenix, Arizona  85067-6570

/s/  Shawne Murphy