# EXHIBIT E

Index of Exhibits to Defendant Intel Corporation's Notice of Removal

Maricopa County Superior Court Case No. CV2010-011544

| Exhibit | Date | Description |
|---------|------|-------------|
| 1 | 04/26/10 | Complaint |
| 2 | 06/15/10 | Replacement Summons to Intel Corporation and ASM America, Inc. |
| 3 | 06/14/10 | Amended Complaint |
| 4 | 06/14/10 | Certificate of Arbitration |
| 5 | 06/14/10 | Demand for Jury Trial |
| 6 | 06/24/10 | Affidavit of Service of ASM America, Inc. |
| 7 | 06/24/10 | Affidavit of Service of Intel Corporation |
| 8 | 07/14/10 | Defendant Intel Corporation's Answer to Plaintiffs' First Amended Complaint |
| 9 | 07/14/10 | Certificate of Agreement Regarding Compulsory Arbitration by Defendant Intel Corporation |
| 10 | 07/21/10 | Answer to Amended Complaint by ASM America |
| 11 | 07/14/10 | Certificate of Compulsory Arbitration |
| 12 | 07/14/10 | Demand for Jury Trial |
| 13 | 07/26/10 | Defendant Intel Corporation's First Amended Answer to Plaintiffs' First Amended Complaint |

# EXHIBIT 1

MICHAEL K. JEANES
Clerk of the Superior Court
By Michael Mejia, Deputy
Date 04/26/2010 Time 17:18:29
Description                    Amount
-------- CASE# CV2010-011544 --------
CIVIL NEW COMPLAINT            301.00

TOTAL AMOUNT                   301.00
           Receipt# 20523816

1 **PLATTNER VERDERAME PC**
P.O. Box 36570
2 Phoenix, AZ 85067-6570
Telephone: 602-266-2002
3 Richard S. Plattner, State Bar No. 005019
E-mail: rplattner@plattner-verderame.com
4 Frank Verderame, State Bar No. 007519
E-mail: fverderame@plattner-verderame.com
5
Attorneys for Plaintiffs
6
## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
7
## IN AND FOR THE COUNTY OF MARICOPA
8
| | |
|---|---|
| NOAH MANSPEAKER, by his Parents and Natural Guardians, CHRIS MANSPEAKER and CHRISTINE KENNEDY and individually; and REANNE SHAMAN, by her Parents and Natural Guardians, MARK SHAMAN and JULIANNE SHAMAN and individually, | **NO.** CV2010-011544 **COMPLAINT** (Tort/ Non-Motor Vehicle) |
| Plaintiffs, | |
| v. | |
| INTEL CORPORATION, a foreign corporation, and ASM AMERCIA, INC., a foreign corporation; John Does I-X; XYZ corporations I-X, | |
| Defendants. | |

Plaintiffs Chris Manspeaker and Christine Kennedy, as Parents and Natural Guardians of Noah Manspeaker, an infant, and Plaintiffs Mark Shaman and Julianne Shaman, as Parents and Natural Guardians of ReAnne Shaman, an infant, for their causes of action against the Defendants, allege as follows:

## PARTIES

1.  Plaintiffs Chris Manspeaker and Christine Kennedy are the parents and natural guardians of Noah Manspeaker, an infant.

2.      Plaintiffs Chris Manspeaker, Christine Kennedy and their son, Noah Manspeaker, reside in Maricopa County, Arizona.

3.      Plaintiff Noah Manspeaker was born on March 15, 2006.

4.      From approximately July, 2003 until June, 2009, Plaintiff Chris Manspeaker worked at semiconductor manufacturing facilities located in Albuquerque, New Mexico and in Chandler, Arizona, which were owned, operated and controlled by Defendant Intel Corporation ["Intel"].

5.      From approximately October, 2004 to June 2009 Plaintiff Christine Kennedy worked at semiconductor manufacturing facilities located in Chandler, Arizona, which were owned, operated and controlled by Defendant Intel Corporation ["Intel"].

6.      Plaintiffs Mark Shaman and Julianne Shaman are the parents and natural guardians of ReAnne Shaman, an infant.

7.      Plaintiffs Mark Shaman and Julianne Shaman, and their daughter, ReAnne Shaman, reside in Maricopa County, Arizona.

8.      Plaintiff ReAnne Shaman was born on March 9, 1998.

9.      From approximately 1983 to  June, 2009 Plaintiff Mark Shaman worked at semiconductor manufacturing facilities located in Hillsboro, Oregon, Chandler, Arizona, and elsewhere which were owned, operated and controlled by Defendant Intel Corporation ["Intel"].

10.     From approximately 1983 to 1991 Plaintiff Julianne Shaman worked at semiconductor manufacturing facilities located in Hillsboro, Oregon, which were owned, operated and controlled by Defendant Intel Corporation ["Intel"].

11.    At all relevant times Defendant Intel was and is a Delaware Corporation authorized to do business in Arizona.

12.    At all relevant times, Defendant ASM America, Inc. ["ASM"], was and is a Delaware corporation with its principal place of business in Phoenix, Arizona.

13.    Defendants John Does I-X and XYZ Corporations I-X are other entities whose names and identities are not known but whose conduct was negligent and contributed to the injuries complained of herein.  Their true names and identities will be substituted when they become known to Plaintiff.

14.    The acts and events hereinafter alleged occurred primarily in Maricopa County, where all Plaintiffs reside.

## FACTS

15.    From approximately April, 2005 until approximately June, 2009, Plaintiff Chris Manspeaker was an employee of Defendant Intel's Chandler, Arizona facilities where he worked with and was exposed to chemicals and substances that were utilized in the process of manufacturing semiconductor devices.   Prior to that, from approximately July, 2002 to approximately April, 2005, Plaintiff Chris Manspeaker worked at Intel's Albuquerque, New Mexico facility, where he was similarly exposed to chemicals and substances used in the manufacture of semiconductor devices.

16.    From approximately October, 2004 until approximately June, 2009, Plaintiff Christine Kennedy was an employee of Defendant Intel its Chandler, Arizona facilities where she was a supplier manager in the corporate headquarters, and upon information and belief, may have been exposed to chemicals and substances used in the manufacture of semiconductor devices. During her pregnancy with Plaintiff Noah Manspeaker, Plaintiff

Christine Kennedy's duties as supplier manager required her to visit Intel's Penang, Malaysia plant, where she was exposed to chemicals and substances that were utilized in the process of manufacturing semiconductor devices.

17.    From approximately 1983 until approximately June, 2009, Plaintiff Mark Shaman was an employee of Defendant Intel in its facilities in Hillsboro, Oregon, Chandler, Arizona and numerous other Intel locations where he worked with and was exposed to chemicals and substances that were utilized in the process of manufacturing semiconductor devices.

18.    From approximately 1983 to 1991 Plaintiff Julianne Shaman was employed in Intel's Hillsboro, Oregon facility where, upon information and belief, she may have been exposed to chemicals and substances that were utilized in the manufacture of semiconductor devices.

19.    Upon information and belief, at all relevant times, the chemicals and substances to which Plaintiffs Chris Manspeaker, Christine Kennedy, Mark Shaman and Julianne Shaman [the "Parent Plaintiffs"] were exposed during their employment at Intel's aforesaid facilities included some or all of the following, among other chemicals and substances:

(a)    Ethylene glycol ethers - used as individual solvents and also present as constituents in various photoresist formulations and systems;

(b)    Propylene glycol ethers as individual solvents and also present as constituents in various photoresist formulations and systems;

(c)    Positive Photoresist systems and their respective ingredients over and above ethylene and propylene-based glycol ethers:  specifically including the solvents

4

xylene, n-butyl acetate, and n-methyl pyrrolidone, the catalyst trihydroxy benzophenone (THBP) and the diazo napthoquinone (DNQ) resins;

(d)     Fluorine compounds used in various etch processes – e.g. Ammonium fluoride, aluminum fluoride, boron trifluoride and sulfur hexafluoride;

(e)     Chlorinated compounds used in various etch processes including hydrogen chloride, ammonium chloride, aluminum chloride and boron trichloride;

(f)     Radio frequency radiation and ionizing radiation used both in association with clean room process chemicals and for the purpose of generating new chemical mixtures, e.g., "plasmas";

(g)     Arsenic compounds including gallium arsenide, inorganic arsenic and arsine gas;

(h)     Volatile organic degreasing and cleaning solvents including trichloroethylene, methylene chloride, stabilized trichloroethane, Freon 113 and stabilizers added to these degreasing solvents such as epichlorohydrin and epichlorohydrin 1, 4 dioxane;

(i)     Organic solvents such as toluene, acetone, methyl ethyl ketone (MEK) and methanol;

(j)     Epoxy resin-based glues made from epichlorohydrin and bisphenol A.

20.     Upon information and belief, at all relevant times, the aforementioned chemicals and substances were manufactured, designed, compounded, sold or distributed by Intel.

21.     At all relevant times, Plaintiffs Chris Manspeaker and Mark Shaman worked in and around "clean rooms" and elsewhere at Intel's aforementioned facilities where

semiconductor "wafers," "microchips" and "boards" were being manufactured for use in computers, and where the aforementioned chemicals and substances were present.

22.    At all relevant times, Defendants designed, manufactured, compounded, distributed, sold, supplied and installed hazardous toxic chemicals or substances for use in Defendants' clean rooms and elsewhere, where the Defendants utilized them in the manufacturing process of said semiconductor computer "wafers," "chips" and "boards."

23.    Plaintiffs Chris Manspeaker's and Mark Shaman's work on or near the assembly line, manufacturing said semiconductor "wafers," "chips" and "boards," and elsewhere at Intel's aforementioned facilities resulted in their prolonged contact with and exposure to these chemicals and substances used in the clean rooms and at other locations at these sites.

24.    The exposure of Parent Plaintiffs to the aforesaid chemicals and substances was completely foreseeable and could or should have been anticipated by Defendants.

25.    At all relevant times Plaintiffs Chris Manspeaker and Mark Shaman were required to use these chemicals in the so-called "clean rooms" and elsewhere where semiconductors were manufactured and elsewhere at Defendant Intel's facilities.   By specification, clean rooms are only "clean" for the semiconductor "wafers" and "chips," and only particles are filtered.   No generalized ventilation system was configured explicitly to protect the workers from inhalation or skin exposure to the liquids, vapors, gases and fumes from the chemicals.   At all relevant times these chemicals have been components of the recirculated air in the clean room, have remained in the recirculated air mixture and have not been removed from it.   Any "protective" gear supplied by Defendants to the workers were primarily for the protection of the chips from particles on the workers'

clothing and bodies, rather than as protection of the workers from exposure to chemicals or substances in the clean room or elsewhere.

26.    The aforesaid chemicals and substances to which the Parent Plaintiffs were exposed in the course of their employment with Defendant Intel were defective, unsafe and/or unreasonably dangerous.

27.    At all relevant times, Defendant Intel failed to utilize proper measures to prevent its workers and others, including the Parent Plaintiffs, from being exposed to these harmful chemicals and substances.

28.    At all relevant times, Defendant Intel failed and refused to warn or advise the Parent Plaintiffs of the dangerous characteristics of the chemicals and substances and of the health threats or adverse consequences to those who might use or be exposed to these chemicals and substances, through inhalation and dermal contact, and to their offspring.

29.    At all relevant times, Defendant Intel failed to study, investigate, determine, impose or comply with reasonable standards and regulations to protect and promote the health and safety of, or to minimize the dangers to those using or who would foreseeably use or be harmed by the aforesaid chemicals or substances, including the Parent Plaintiffs and their offspring.

30.    At all relevant times, Defendant Intel failed to fully and properly test and study the aforesaid chemicals and substances to learn of the hazards associated with their use.

31.     Defendant Intel made express and implied warranties and representations, incorrectly and untruthfully, that the aforesaid chemicals and substances were safe and suitable for use.

32.     Motivated by a desire for unwarranted economic gain and profit, Defendant Intel willfully and recklessly ignored and concealed from each of the Parent Plaintiffs the knowledge, in existence at all relevant times, of the health hazards of the aforementioned chemicals and substances and have thereby exhibited reckless disregard for the health and well being of the Plaintiffs and others.

33.     Defendant ASM is a manufacturer of thermal-chemical wafer processing tools and equipment, and at all relevant times was a supplier and servicer of wafer processing tools and equipment to Defendant Intel's Chandler, Arizona semiconductor facility, where Plaintiffs Chris Manspeaker, Christine Kennedy and Mark Shaman worked.

34.     Upon information and belief, the equipment supplied and serviced by Defendant ASM was negligently manufactured, distributed, sold, installed and serviced, and was otherwise defective, in that this equipment permitted the release of substantial levels of the aforesaid hazardous chemicals and substances into the clean rooms and other areas where the Parent Plaintiffs worked.

35.     Upon further information and belief, Defendant ASM made express and implied warranties and representations, which were not true, that the aforesaid wafer processing equipment supplied to Defendant Intel was safe and suitable for use.

36.     Defendants have wrongfully, knowingly, fraudulently and with intent to deceive, misrepresented to each of the Parent Plaintiffs that working in the cleanrooms and elsewhere at Defendants' facilities was safe, and intentionally concealed from the

Parent Plaintiffs and the other clean room employees the severe health hazards posed to them and their offspring as a consequence of the dangerous working conditions in the Intel facilities. By reason of Defendants' omissions and commissions, misrepresentations, deceptions and fraudulent concealments, Plaintiffs not only sustained the injuries herein alleged, but said obstructionist conduct has deprived Plaintiffs of a fair and reasonable opportunity to discover that their injuries were tortiously caused by Defendant's misconduct until a time within two years from the commencement of this action. To the extent that any Plaintiff's injury was present more than two years prior to the commencement of this action, then Plaintiffs contend that Plaintiffs were not on notice that the injury was tortiously caused by Defendants' misconduct until a time within two years of the commencement of this action.

37. CERCLA, 42 U.S.C. § 9658, setting forth the Federally required commencement date for actions under state law for damages from exposure to hazardous substances, applies to all state law claims brought by Plaintiffs.

38. Plaintiffs Noah Manspeaker's and ReAnne Shaman's personal injuries were caused or contributed to by their respective Parent Plaintiffs' exposures to hazardous, genotoxic, and reproductively toxic substances, pollutants or contaminants released into the environment from a facility.

39. Each of Defendant Intel's facilities, including the facilities at which the Parent Plaintiffs worked, is a "facility" within the meaning of CERCLA, 42 U.S.C. § 9601 *et seq.*

40. Responsible parties under CERCLA include, among others, the current and past owners or operators of a facility from which there has been a release or threatened release of a hazardous substance, and parties who by contract or agreement, arranged for

9

the disposal and/or treatment of hazardous substances at a site or the transportation of hazardous substances to a site.

41.   Defendants are responsible parties under CERCLA for the repeated and continuous releases and threatened releases of hazardous substances into the environment.

42.   Plaintiffs were exposed to hazardous substances released into the environment from Defendants' facilities and/or from a facility or site to which Defendants were responsible parties under CERCLA.

43.   Plaintiffs Chris Manspeaker and Christine Kennedy each sustained an insult to his/her reproductive system as a result of exposure to the above-listed chemicals, singly and in combination, during his/her employment at Intel, that caused injuries to Plaintiff Noah Manspeaker.

44.   Plaintiffs Mark Shaman and Julianne Shaman each sustained an insult to his/her reproductive system as a result of exposure to the above-listed chemicals, singly and in combination, during his/her employment at Intel, that caused injuries to Plaintiff ReAnne Shaman.

45.   As a consequence of the foregoing misconduct on the part of Defendants, and Plaintiffs Chris Manspeaker's and Christine Kennedy's exposures to hazardous, genotoxic, and reproductively toxic substances, pollutants or contaminants, Plaintiff Noah Manspeaker sustained the following injuries and/or damages:

(a)   mental retardation, with multiple cognitive and developmental disabilities;

(b)   impaired vision;

(c)   brain injury, including posterior fossa cyst, thin corpus callossum, and

microcephaly;

(d) physical pain and suffering;

(e) physical disabilities;

(f) mental anguish;

(g) loss of the enjoyment of life's pleasures;

(h) inability to participate in his usual activities;

(i) lost income and earning opportunities;

(j) medical expenses;

(k) other economic loss;

and was otherwise injured or damaged.

46. As a consequence of the foregoing misconduct on the part of Defendants, and Plaintiffs Mark Shaman's and Julianne Shaman's exposure to hazardous and reproductively toxic substances, pollutants or contaminants, Plaintiff ReAnne Shaman sustained the following injuries and/or damages:

(a) right hemiparesis;

(b) epilepsy disorder;

(c) cognitive and language impairment;

(d) physical pain and suffering;

(e) physical disabilities;

(f) mental anguish;

(g) loss of the enjoyment of life's pleasures;

(h) inability to participate in her usual activities;

(i) lost income and earning opportunities;

(j)     medical expenses;

(k)     other economic loss;

and was otherwise injured or damaged.

47.     As a consequence of the foregoing misconduct on the part of Defendants, each of the Parent Plaintiffs sustained the following injuries and/or damages:

(a)     lost and will continue to lose the companionship, society, and services of their injured children;

(b)     suffered and will continue to suffer mental anguish arising from the injuries to their respective children;

(c)     incurred and will continue to incur medical costs and other expenses arising from the injuries to their respective children;

and were otherwise injured or damaged.

## COUNT I

## NEGLIGENCE

48.     Plaintiffs incorporate the preceding allegations as if fully stated herein.

49.     Defendants willfully, recklessly and negligently failed and refused to warn or advise the Parent Plaintiffs and others of the dangers and hazards of the aforesaid chemicals and substances, and the dangers posed to the health and welfare of the unborn children of those coming in contact with or using the aforesaid chemicals and substances, as well as the dangers and hazards associated with use of the aforesaid equipment to the unborn children of the users.

50.     Defendants willfully, recklessly and negligently failed to provide needed, accurate and adequate warnings and information of the health hazards and dangers of the

12

aforesaid chemicals and substances, as well as the aforesaid equipment, to the Parent

Plaintiffs and those who would reasonably and foreseeably come into contact with, use or

be harmed by these products.

51.     Defendants willfully, recklessly and negligently failed to study, investigate,

ascertain, impose or comply with reasonable standards and regulations to protect and

promote the health and safety of or minimize the dangers to the unborn children of those

using or coming into contact with the aforesaid chemicals and substances.

52.     Defendants willfully, recklessly and negligently failed to fully and properly test

and study the aforesaid chemicals and substances, and the aforesaid equipment, to fully

learn of the hazards associated with those products and their use.

53.     Defendants willfully, recklessly and negligently failed to develop, make

available, provide, or promote chemicals and substances which were free of defect, and/or

failed to design the aforesaid equipment so as to prohibit or minimize their hazards.

54.     Defendants willfully, recklessly and negligently failed to provide instructions

of potentially safer methods of handling the aforesaid chemicals and substances to users

or others foreseeably coming with or using it, and willfully, recklessly and negligently failed

to provide instructions for use of the aforesaid equipment so as to prohibit or minimize their

health hazards.

55.     Defendants negligently failed to provide a safe place to work, and created

needless and unreasonable danger to the workers' unborn children.

56.     Defendants were otherwise negligent.

57.     As a proximate consequence of the acts, omissions, willfulness,

recklessness and negligence of Defendants, each Plaintiff sustained the injuries and

damages set forth above, and the Defendants against whom the aforesaid claims are made by the Plaintiffs as set forth herein, are accordingly liable for negligence.

58.    As a proximate result, each Plaintiff has been damaged as set forth above and is entitled to compensatory damages.

## COUNT II

## PREMISES LIABILITY

59.    Plaintiffs incorporate the preceding allegations as if fully stated herein.

60.    At all times relevant hereto, Defendant Intel owned, operated, and/or controlled the premises located in Chandler, Arizona, Albuquerque, New Mexico, Hillsboro, Oregon, Penang, Malaysia, and each and every other Intel plant at which the Parent Plaintiffs worked. At all relevant times the Parent Plaintiffs were rightfully present at Defendant Intel's aforementioned premises.

61.    Defendant Intel had a duty to see that the premises at which each of the Parent Plaintiffs was rightfully present were in a reasonably safe condition for use by Plaintiffs and to protect the Parent Plaintiffs and their unborn children from harm.

62.    Defendant Intel willfully, recklessly and negligently failed to provide reasonably safe premises at which each of the Parent Plaintiffs was rightfully present and thereby breached its duty of care to each of the Plaintiffs.

63.    As a proximate result of Defendant Intel's breach of its duty of care, each Plaintiff has been damaged as set forth above and is entitled to compensatory damages.

## COUNT III

## STRICT PRODUCTS LIABILITY

64.     Plaintiffs incorporate the preceding allegations as if fully stated herein.

65.     As a direct and proximate result of the defective, unsafe and unreasonably dangerous condition of Defendants' aforesaid chemicals and substances, and the aforesaid wafer processing equipment, each Plaintiff herein sustained the injuries as set forth above.

66.     As a proximate result of the foregoing, each Plaintiff has been damaged, and the respective Defendants as set forth above, are strictly liable to each Plaintiff who has made claims against them as set forth herein.

## COUNT IV

## ABNORMALLY DANGEROUS AND

## ULTRA-HAZARDOUS ACTIVITY

67.     Plaintiffs incorporate the preceding allegations as if fully stated herein. Defendants knew or should have known that their aforesaid conduct which exposed Plaintiffs to the chemicals and substances described above constituted an abnormally dangerous and ultra-hazardous activity.

68.     As a direct and proximate result of the acts, omissions, willfulness, recklessness and negligence of Defendants, each Plaintiff sustained the injuries and damages set forth above, and the Defendants against whom the aforesaid claims are made by the Plaintiffs as set forth herein are accordingly liable for abnormally dangerous and ultra-hazardous activity.

69.     As a proximate result, each Plaintiff, as set forth above, has been damaged, and the respective Defendants are strictly liable to each Plaintiff who has made claims against them as set forth herein.

**COUNT V**

**WILLFUL AND WANTON MISCONDUCT**

70.     Plaintiffs incorporate the preceding allegations as if fully stated herein.

71.     Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby caused the Parent Plaintiffs to be exposed to chemicals and substances which were defective, unsafe and/or unreasonably dangerous.

72.     Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby failed to utilize proper measures to prevent its workers and others, including the Parent Plaintiffs, from being exposed to harmful chemicals and substances.

73.     Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby failed and refused to warn or advise the Parent Plaintiffs of the dangerous characteristics of the chemicals and substances and of the health threats or adverse consequences to the unborn children of those who might use or be exposed to these chemicals and substances.

16

74. Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby failed to study, investigate, determine, impose or comply with reasonable standards and regulations to protect and promote the health and safety of, or to minimize the dangers to the unborn children of those using or who would foreseeably use or be harmed by the aforesaid chemicals or substances, including the Parent Plaintiffs and their offspring.

75. Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby failed to fully and properly test and study the aforesaid chemicals and substances to learn of the hazards associated with their use.

76. Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby made express and implied warranties and representations, incorrectly and untruthfully, that the aforesaid chemicals and substances, and the aforesaid wafer processing equipment, were safe and suitable for use.

77. Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of

others and thereby ignored and concealed from the Plaintiff knowledge, in existence at all relevant times, of the health hazards of the aforementioned chemicals and substances.

78.    Defendants' willful, wanton, and intentional misconduct evinces a total, conscious and/or reckless disregard for the life and well-being of Plaintiffs as well as for the health, well-being and rights of others who used or otherwise came into contact with the aforesaid chemicals or substances, or whose parents used or otherwise came into contact with such chemicals or substances.

79.    As a direct and proximate result of the willful, wanton and intentional misconduct of Defendants, each Plaintiff sustained the injuries and damages set forth above.

80.    In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendants for their willful, wanton, intentional and/or reckless misconduct and to deter Defendants and others similarly situated from engaging in like misconduct in the future.

### COUNT VI

### LOSS OF SERVICES AND CONSORTIUM

81.    Plaintiffs incorporate the preceding allegations as if fully stated herein.

82.    As a result of Defendants' foregoing wrongful conduct which caused Plaintiffs Noah Manspeaker's and ReAnne Shaman's injuries, each of the Parent Plaintiffs sustained the injuries and damages set forth above. The Parent Plaintiffs' claims in this section are derivative of the injuries to their children; because the children were not employed by any defendant, these claims are not barred by A.R.S. 23-1022 or otherwise.

**WHEREFORE**, each of the Plaintiffs prays for Judgment against the Defendants

and each of them as follows:

1. For general damages in an amount to be determined at the time of trial, including but not limited to past and future pain, discomfort, suffering, anguish, anxiety, disfigurement, disability and reduction of enjoyment of life.

2. For special damages in an amount to be determined at the time of trial, including but not limited to past and future medical expenses, durable medical devices, home modifications, lost future wages and impairment of earning capacity, lost household services and the expenses of personal care, and respite care for Plaintiff Parents.

3. For loss of consortium and other damages suffered by the Parent Plaintiffs arising from harm to the Infant Plaintiffs.

4. For punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future

5. For costs incurred herein.

6. For pre-judgment and post-judgment interest at the highest legal rate.

7. For such other and further relief as this Court may deem just and proper in the circumstances.

DATED this 20th day of April, 2010.

Plattner Verderame PC

By
Richard S. Plattner
P.O. Box 36570
Phoenix, AZ 85067-6570
Attorneys for Plaintiffs

1

2

3  ORIGINAL of the foregoing filed
   with the Clerk of the Court this
   _____ day of April, 2010:

4

5  By _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

20

EXHIBIT 2

MICHAEL K. JEANES CLERK
RECEIVED CCC #5
DOCUMENT REPOSITORY

10 JUN 28 PM 3:29

FILED
BY D Stephens, DEP

1  **LEVY, PHILLIPS & KONIGSBERG, LLP**
   800 Third Avenue, 13th Floor
2  New York, NY 10022
   Telephone: 212-605-6200
3  Steven J. Phillips – pro hac vice
   E-mail: SPhillips@lpklaw.com
4  Diane Paolicelli – pro hac vice
   E-mail: DPaolicelli@lpklaw.com
5
6  **THORNTON & NAUMES, LLP**
   100 Summer Street, 30th Floor
   Boston, MA 02110
7  Telephone: 617-720-1333
   David D. Strouss - pro hac vice
8  E-mail: DStrouss@tenlaw.com
9  **PLATTNER VERDERAME PC**   ORIGINAL
   P.O. Box 36570
10 Phoenix, AZ 85067-6570
   Telephone: 602-266-2002
11 Richard S. Plattner, State Bar No. 005019
   E-mail: rplattner@plattner-verderame.com
12 Frank Verderame, State Bar No. 007519
   E-mail: fverderame@plattner-verderame.com
13 Randall A. Hinsch, State Bar No. 010280
   E-mail rhinsch@plattner-verderame.com
14
   Attorneys for Plaintiffs
15
          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
16
              IN AND FOR THE COUNTY OF MARICOPA
17
18 NOAH MANSPEAKER, by his Parents       NO. CV2010-011544
   and Natural Guardians, CHRIS
   MANSPEAKER and CHRISTINE
19 KENNEDY and individually; and
   REANNE SHAMAN, by her Parents and    **REPLACEMENT SUMMONS**
20 Natural Guardians, MARK SHAMAN and
   JULIANNE SHAMAN and individually,    (The Hon. J. Kenneth Mangum)
21
                Plaintiffs,
22
23 v.

24 INTEL CORPORATION, a foreign
   corporation, and ASM AMERICA, INC.,
   a foreign corporation; John Does I-X;
25 XYZ corporations I-X,

26              Defendants.

THE STATE OF ARIZONA TO THE DEFENDANT:

**INTEL CORPORATION, a foreign corporation, and ASM AMERICA, INC.**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable in this action in this court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona whether by direct service, by registered or certified mail, or by publication you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS Sections 20 222, 28 502, 28 503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiffs' attorney. RCP 10(d); ARS Section 12 311; RCP 5.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

\\

\\

A copy of the Summons and Complaint may be obtained from Plaintiff's attorney: Plattner Verderame, P.C., 316 East Flower Street, Phoenix, Arizona 85012-2624.

SIGNED AND SEALED this date: ___JUN 15 2010___

Clerk: MICHAEL K. JEANES, CLERK

By: _____
Deputy Clerk

3

EXHIBIT 3

MICHAEL K. JEANES, CLERK
BY a asher DEP
FILED
10 JUN 15 PM 5: 22

1    **LEVY, PHILLIPS & KONIGSBERG, LLP**
     800 Third Avenue, 13th Floor
2    New York, NY 10022
     Telephone: 212-605-6200
3    Steven J. Phillips – pro hac vice
     E-mail: SPhillips@lpklaw.com
4    Diane Paolicelli – pro hac vice
     E-mail: DPaolicelli@lpklaw.com
5
     **THORNTON & NAUMES, LLP**
6    100 Summer Street, 30th Floor
     Boston, MA 02110
7    Telephone: 617-720-1333
     David D. Strouss - pro hac vice
8    E-mail: DStrouss@tenlaw.com

9    **PLATTNER VERDERAME PC**
     P.O. Box 36570
10   Phoenix, AZ 85067-6570
     Telephone: 602-266-2002
11   Richard S. Plattner, State Bar No. 005019
     E-mail: rplattner@plattner-verderame.com
12   Frank Verderame, State Bar No. 007519
     E-mail: fverderame@plattner-verderame.com
13   Randall A. Hinsch, State Bar No. 010280
     E-mail rhinsch@plattner-verderame.com
14
     Attorneys for Plaintiffs
15
16           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

17               IN AND FOR THE COUNTY OF MARICOPA

18   NOAH MANSPEAKER, by his Parents        NO.  CV2010-011544
     and Natural Guardians, CHRIS
     MANSPEAKER and CHRISTINE
19   KENNEDY and individually; and
     REANNE SHAMAN, by her Parents and      **AMENDED COMPLAINT**
20   Natural Guardians, MARK SHAMAN and
     JULIANNE SHAMAN and individually,      (The Hon. J. Kenneth Mangum)
21
              Plaintiffs,
22
     v.
23
     INTEL CORPORATION, a foreign
24   corporation, and ASM AMERICA, INC.,
     a foreign corporation; John Does I-X;
25   XYZ corporations I-X,
26            Defendants.

Plaintiffs Chris Manspeaker and Christine Kennedy, as Parents and Natural Guardians of Noah Manspeaker, an infant, and Plaintiffs Mark Shaman and Julianne Shaman, as Parents and Natural Guardians of ReAnne Shaman, an infant, for their causes of action against the Defendants, allege as follows:

## PARTIES

1.     Plaintiffs Chris Manspeaker and Christine Kennedy are the parents and natural guardians of Noah Manspeaker, an infant.

2.     Plaintiffs Chris Manspeaker, Christine Kennedy and their son, Noah Manspeaker, reside in Maricopa County, Arizona.

3.     Plaintiff Noah Manspeaker was born on March 15, 2006.

4.     From approximately July, 2003 until June, 2009, Plaintiff Chris Manspeaker worked at semiconductor manufacturing facilities located in Albuquerque, New Mexico and in Chandler, Arizona, which were owned, operated and controlled by Defendant Intel Corporation ["Intel"].

5.     From approximately October, 2004 to June 2009 Plaintiff Christine Kennedy worked at semiconductor manufacturing facilities located in Chandler, Arizona, which were owned, operated and controlled by Defendant Intel Corporation ["Intel"].

6.     Plaintiffs Mark Shaman and Julianne Shaman are the parents and natural guardians of ReAnne Shaman, an infant.

7.     Plaintiffs Mark Shaman and Julianne Shaman, and their daughter, ReAnne Shaman, reside in Maricopa County, Arizona.

8.     Plaintiff ReAnne Shaman was born on March 9, 1998.

9.     From approximately 1983 to June, 2009 Plaintiff Mark Shaman worked at semiconductor manufacturing facilities located in Hillsboro, Oregon, Chandler, Arizona, and elsewhere which were owned, operated and controlled by Defendant Intel Corporation ["Intel"].

10.     From approximately 1983 to 1991 Plaintiff Julianne Shaman worked at semiconductor manufacturing facilities located in Hillsboro, Oregon, which were owned, operated and controlled by Defendant Intel Corporation ["Intel"].

11.     At all relevant times Defendant Intel was and is a Delaware Corporation authorized to do business in Arizona.

12.     At all relevant times, Defendant ASM America, Inc. ["ASM"], was and is a Delaware corporation with its principal place of business in Phoenix, Arizona.

13.     Defendants John Does I-X and XYZ Corporations I-X are other entities whose names and identities are not known but whose conduct was negligent and contributed to the injuries complained of herein.  Their true names and identities will be substituted when they become known to Plaintiff.

14.     The acts and events hereinafter alleged occurred primarily in Maricopa County, where all Plaintiffs reside.

## FACTS

15.     From approximately April, 2005 until approximately June, 2009, Plaintiff Chris Manspeaker was an employee of Defendant Intel's Chandler, Arizona facilities where he worked with and was exposed to chemicals and substances that were utilized in the process of manufacturing semiconductor devices.   Prior to that, from approximately July, 2002 to approximately April, 2005, Plaintiff Chris Manspeaker worked at Intel's

3

Albuquerque, New Mexico facility, where he was similarly exposed to chemicals and substances used in the manufacture of semiconductor devices.

16. From approximately October, 2004 until approximately June, 2009, Plaintiff Christine Kennedy was an employee of Defendant Intel its Chandler, Arizona facilities where she was a supplier manager in the corporate headquarters, and upon information and belief, may have been exposed to chemicals and substances used in the manufacture of semiconductor devices. During her pregnancy with Plaintiff Noah Manspeaker, Plaintiff Christine Kennedy's duties as supplier manager required her to visit Intel's Penang, Malaysia plant, where she was exposed to chemicals and substances that were utilized in the process of manufacturing semiconductor devices.

17. From approximately 1983 until approximately June, 2009, Plaintiff Mark Shaman was an employee of Defendant Intel in its facilities in Hillsboro, Oregon, Chandler, Arizona and numerous other Intel locations where he worked with and was exposed to chemicals and substances that were utilized in the process of manufacturing semiconductor devices.

18. From approximately 1983 to 1991 Plaintiff Julianne Shaman was employed in Intel's Hillsboro, Oregon facility where, upon information and belief, she may have been exposed to chemicals and substances that were utilized in the manufacture of semiconductor devices.

19. Upon information and belief, at all relevant times, the chemicals and substances to which Plaintiffs Chris Manspeaker, Christine Kennedy, Mark Shaman and Julianne Shaman [the "Parent Plaintiffs"] were exposed during their employment at Intel's

4

aforesaid facilities included some or all of the following, among other chemicals and substances:

(a)    Ethylene glycol ethers - used as individual solvents and also present as constituents in various photoresist formulations and systems;

(b)    Propylene glycol ethers as individual solvents and also present as constituents in various photoresist formulations and systems;

(c)    Positive Photoresist systems and their respective ingredients over and above ethylene and propylene-based glycol ethers: specifically including the solvents xylene, n-butyl acetate, and n-methyl pyrrolidone, the catalyst trihydroxy benzophenone (THBP) and the diazo napthoquinone (DNQ) resins;

(d)    Fluorine compounds used in various etch processes – e.g. Ammonium fluoride, aluminum fluoride, boron trifluoride and sulfur hexafluoride;

(e)    Chlorinated compounds used in various etch processes including hydrogen chloride, ammonium chloride, aluminum chloride and boron trichloride;

(f)    Radio frequency radiation and ionizing radiation used both in association with clean room process chemicals and for the purpose of generating new chemical mixtures, e.g., "plasmas";

(g)    Arsenic compounds including gallium arsenide, inorganic arsenic and arsine gas;

(h)    Volatile organic degreasing and cleaning solvents including trichloroethylene, methylene chloride, stabilized trichloroethane, Freon 113 and stabilizers added to these degreasing solvents such as epichlorohydrin and epichlorohydrin 1, 4 dioxane;

5

(i)     Organic solvents such as toluene, acetone, methyl ethyl ketone (MEK) and methanol;

(j)     Epoxy resin-based glues made from epichlorohydrin and bisphenol A.

20.     Upon information and belief, at all relevant times, the aforementioned chemicals and substances were manufactured, designed, compounded, sold or distributed by Intel.

21.     At all relevant times, Plaintiffs Chris Manspeaker and Mark Shaman worked in and around "clean rooms" and elsewhere at Intel's aforementioned facilities where semiconductor "wafers," "microchips" and "boards" were being manufactured for use in computers, and where the aforementioned chemicals and substances were present.

22.     At all relevant times, Defendants designed, manufactured, compounded, distributed, sold, supplied and installed hazardous toxic chemicals or substances for use in Defendants' clean rooms and elsewhere, where the Defendants utilized them in the manufacturing process of said semiconductor computer "wafers," "chips" and "boards."

23.     Plaintiffs Chris Manspeaker's and Mark Shaman's work on or near the assembly line, manufacturing said semiconductor "wafers," "chips" and "boards," and elsewhere at Intel's aforementioned facilities resulted in their prolonged contact with and exposure to these chemicals and substances used in the clean rooms and at other locations at these sites.

24.     The exposure of Parent Plaintiffs to the aforesaid chemicals and substances was completely foreseeable and could or should have been anticipated by Defendants.

25.     At all relevant times Plaintiffs Chris Manspeaker and Mark Shaman were required to use these chemicals in the so-called "clean rooms" and elsewhere where

6

semiconductors were manufactured and elsewhere at Defendant Intel's facilities. By specification, clean rooms are only "clean" for the semiconductor "wafers" and "chips," and only particles are filtered. No generalized ventilation system was configured explicitly to protect the workers from inhalation or skin exposure to the liquids, vapors, gases and fumes from the chemicals. At all relevant times these chemicals have been components of the recirculated air in the clean room, have remained in the recirculated air mixture and have not been removed from it. Any "protective" gear supplied by Defendants to the workers were primarily for the protection of the chips from particles on the workers' clothing and bodies, rather than as protection of the workers from exposure to chemicals or substances in the clean room or elsewhere.

26. The aforesaid chemicals and substances to which the Parent Plaintiffs were exposed in the course of their employment with Defendant Intel were defective, unsafe and/or unreasonably dangerous.

27. At all relevant times, Defendant Intel failed to utilize proper measures to prevent its workers and others, including the Parent Plaintiffs, from being exposed to these harmful chemicals and substances.

28. At all relevant times, Defendant Intel failed and refused to warn or advise the Parent Plaintiffs of the dangerous characteristics of the chemicals and substances and of the health threats or adverse consequences to those who might use or be exposed to these chemicals and substances, through inhalation and dermal contact, and to their offspring.

29. At all relevant times, Defendant Intel failed to study, investigate, determine, impose or comply with reasonable standards and regulations to protect and promote the

health and safety of, or to minimize the dangers to those using or who would foreseeably use or be harmed by the aforesaid chemicals or substances, including the Parent Plaintiffs and their offspring.

30. At all relevant times, Defendant Intel failed to fully and properly test and study the aforesaid chemicals and substances to learn of the hazards associated with their use.

31. Defendant Intel made express and implied warranties and representations, incorrectly and untruthfully, that the aforesaid chemicals and substances were safe and suitable for use.

32. Motivated by a desire for unwarranted economic gain and profit, Defendant Intel willfully and recklessly ignored and concealed from each of the Parent Plaintiffs the knowledge, in existence at all relevant times, of the health hazards of the aforementioned chemicals and substances and have thereby exhibited reckless disregard for the health and well being of the Plaintiffs and others.

33. Defendant ASM is a manufacturer of thermal-chemical wafer processing tools and equipment, and at all relevant times was a supplier and servicer of wafer processing tools and equipment to Defendant Intel's Chandler, Arizona semiconductor facility, where Plaintiffs Chris Manspeaker, Christine Kennedy and Mark Shaman worked.

34. Upon information and belief, the equipment supplied and serviced by Defendant ASM was negligently manufactured, distributed, sold, installed and serviced, and was otherwise defective, in that this equipment permitted the release of substantial levels of the aforesaid hazardous chemicals and substances into the clean rooms and other areas where the Parent Plaintiffs worked.

8

35.     Upon further information and belief, Defendant ASM made express and implied warranties and representations, which were not true, that the aforesaid wafer processing equipment supplied to Defendant Intel was safe and suitable for use.

36.     Defendants have wrongfully, knowingly, fraudulently and with intent to deceive, misrepresented to each of the Parent Plaintiffs that working in the cleanrooms and elsewhere at Defendants' facilities was safe, and intentionally concealed from the Parent Plaintiffs and the other clean room employees the severe health hazards posed to them and their offspring as a consequence of the dangerous working conditions in the Intel facilities.     By reason of Defendants' omissions and commissions, misrepresentations, deceptions and fraudulent concealments, Plaintiffs not only sustained the injuries herein alleged, but said obstructionist conduct has deprived Plaintiffs of a fair and reasonable opportunity to discover that their injuries were tortiously caused by Defendant's misconduct until a time within two years from the commencement of this action.     To the extent that any Plaintiff's injury was present more than two years prior to the commencement of this action, then Plaintiffs contend that Plaintiffs were not on notice that the injury was tortiously caused by Defendants' misconduct until a time within two years of the commencement of this action.

37.     CERCLA, 42 U.S.C. § 9658, setting forth the Federally required commencement date for actions under state law for damages from exposure to hazardous substances, applies to all state law claims brought by Plaintiffs.

38.     Plaintiffs Noah Manspeaker's and ReAnne Shaman's personal injuries were caused or contributed to by their respective Parent Plaintiffs' exposures to hazardous,

9

genotoxic, and reproductively toxic substances, pollutants or contaminants released into the environment from a facility.

39.    Each of Defendant Intel's facilities, including the facilities at which the Parent Plaintiffs worked, is a "facility" within the meaning of CERCLA, 42 U.S.C. § 9601 *et seq.*

40.    Responsible parties under CERCLA include, among others, the current and past owners or operators of a facility from which there has been a release or threatened release of a hazardous substance, and parties who by contract or agreement, arranged for the disposal and/or treatment of hazardous substances at a site or the transportation of hazardous substances to a site.

41.    Defendants are responsible parties under CERCLA for the repeated and continuous releases and threatened releases of hazardous substances into the environment.

42.    Plaintiffs were exposed to hazardous substances released into the environment from Defendants' facilities and/or from a facility or site to which Defendants were responsible parties under CERCLA.

43.    Plaintiffs Chris Manspeaker and Christine Kennedy each sustained an insult to his/her reproductive system as a result of exposure to the above-listed chemicals, singly and in combination, during his/her employment at Intel, that caused injuries to Plaintiff Noah Manspeaker.

44.    Plaintiffs Mark Shaman and Julianne Shaman each sustained an insult to his/her reproductive system as a result of exposure to the above-listed chemicals, singly and in combination, during his/her employment at Intel, that caused injuries to Plaintiff ReAnne Shaman.

45.     As a consequence of the foregoing misconduct on the part of Defendants, and Plaintiffs Chris Manspeaker's and Christine Kennedy's exposures to hazardous, genotoxic, and reproductively toxic substances, pollutants or contaminants, Plaintiff Noah Manspeaker sustained the following injuries and/or damages:

(a)   mental retardation, with multiple cognitive and developmental disabilities;

(b)   impaired vision;

(c)   brain injury, including posterior fossa cyst, thin corpus callossum, and microcephaly;

(d)   physical pain and suffering;

(e)   physical disabilities;

(f)   mental anguish;

(g)   loss of the enjoyment of life's pleasures;

(h)   inability to participate in his usual activities;

(i)   lost income and earning opportunities;

(j)   medical expenses;

(k)   other economic loss;

and was otherwise injured or damaged.

46.     As a consequence of the foregoing misconduct on the part of Defendants, and Plaintiffs Mark Shaman's and Julianne Shaman's exposure to hazardous and reproductively toxic substances, pollutants or contaminants, Plaintiff ReAnne Shaman sustained the following injuries and/or damages:

(a)   right hemiparesis;

(b)   epilepsy disorder;

(c)     cognitive and language impairment;

(d)     physical pain and suffering;

(e)     physical disabilities;

(f)     mental anguish;

(g)     loss of the enjoyment of life's pleasures;

(h)     inability to participate in her usual activities;

(i)     lost income and earning opportunities;

(j)     medical expenses;

(k)     other economic loss;

and was otherwise injured or damaged.

47.     As a consequence of the foregoing misconduct on the part of Defendants, each of the Parent Plaintiffs sustained the following injuries and/or damages:

(a)     lost and will continue to lose the companionship, society, and services of their injured children;

(b)     suffered and will continue to suffer mental anguish arising from the injuries to their respective children;

(c)     incurred and will continue to incur medical costs and other expenses arising from the injuries to their respective children;

and were otherwise injured or damaged.

## COUNT I

## NEGLIGENCE

48.     Plaintiffs incorporate the preceding allegations as if fully stated herein.

49.    Defendants willfully, recklessly and negligently failed and refused to warn or advise the Parent Plaintiffs and others of the dangers and hazards of the aforesaid chemicals and substances, and the dangers posed to the health and welfare of the unborn children of those coming in contact with or using the aforesaid chemicals and substances, as well as the dangers and hazards associated with use of the aforesaid equipment to the unborn children of the users.

50.    Defendants willfully, recklessly and negligently failed to provide needed, accurate and adequate warnings and information of the health hazards and dangers of the aforesaid chemicals and substances, as well as the aforesaid equipment, to the Parent Plaintiffs and those who would reasonably and foreseeably come into contact with, use or be harmed by these products.

51.    Defendants willfully, recklessly and negligently failed to study, investigate, ascertain, impose or comply with reasonable standards and regulations to protect and promote the health and safety of or minimize the dangers to the unborn children of those using or coming into contact with the aforesaid chemicals and substances.

52.    Defendants willfully, recklessly and negligently failed to fully and properly test and study the aforesaid chemicals and substances, and the aforesaid equipment, to fully learn of the hazards associated with those products and their use.

53.    Defendants willfully, recklessly and negligently failed to develop, make available, provide, or promote chemicals and substances which were free of defect, and/or failed to design the aforesaid equipment so as to prohibit or minimize their hazards.

54.    Defendants willfully, recklessly and negligently failed to provide instructions of potentially safer methods of handling the aforesaid chemicals and substances to users

or others foreseeably coming with or using it, and willfully, recklessly and negligently failed to provide instructions for use of the aforesaid equipment so as to prohibit or minimize their health hazards.

55.     Defendants negligently failed to provide a safe place to work, and created needless and unreasonable danger to the workers' unborn children.

56.     Defendants were otherwise negligent.

57.     As a proximate consequence of the acts, omissions, willfulness, recklessness and negligence of Defendants, each Plaintiff sustained the injuries and damages set forth above, and the Defendants against whom the aforesaid claims are made by the Plaintiffs as set forth herein, are accordingly liable for negligence.

58.     As a proximate result, each Plaintiff has been damaged as set forth above and is entitled to compensatory damages.

## COUNT II

## PREMISES LIABILITY

59.     Plaintiffs incorporate the preceding allegations as if fully stated herein.

60.     At all times relevant hereto, Defendant Intel owned, operated, and/or controlled the premises located in Chandler, Arizona, Albuquerque, New Mexico, Hillsoboro, Oregon, Penang, Malaysia, and each and every other Intel plant at which the Parent Plaintiffs worked.  At all relevant times the Parent Plaintiffs were rightfully present at Defendant Intel's aforementioned premises.

61.     Defendant Intel had a duty to see that the premises at which each of the Parent Plaintiffs was rightfully present were in a reasonably safe condition for use by Plaintiffs and to protect the Parent Plaintiffs and their unborn children from harm.

62.     Defendant Intel willfully, recklessly and negligently failed to provide reasonably safe premises at which each of the Parent Plaintiffs was rightfully present and thereby breached its duty of care to each of the Plaintiffs.

63.     As a proximate result of Defendant Intel's breach of its duty of care, each Plaintiff has been damaged as set forth above and is entitled to compensatory damages.

## COUNT III

## STRICT PRODUCTS LIABILITY

64.     Plaintiffs incorporate the preceding allegations as if fully stated herein.

65.     As a direct and proximate result of the defective, unsafe and unreasonably dangerous condition of Defendants' aforesaid chemicals and substances, and the aforesaid wafer processing equipment, each Plaintiff herein sustained the injuries as set forth above.

66.     As a proximate result of the foregoing, each Plaintiff has been damaged, and the respective Defendants as set forth above, are strictly liable to each Plaintiff who has made claims against them as set forth herein.

## COUNT IV

## ABNORMALLY DANGEROUS AND

## ULTRA-HAZARDOUS ACTIVITY

67.     Plaintiffs incorporate the preceding allegations as if fully stated herein. Defendants knew or should have known that their aforesaid conduct which exposed Plaintiffs to the chemicals and substances described above constituted an abnormally dangerous and ultra-hazardous activity.

68.     As a direct and proximate result of the acts, omissions, willfulness, recklessness and negligence of Defendants, each Plaintiff sustained the injuries and damages set forth above, and the Defendants against whom the aforesaid claims are made by the Plaintiffs as set forth herein are accordingly liable for abnormally dangerous and ultra-hazardous activity.

69.     As a proximate result, each Plaintiff, as set forth above, has been damaged, and the respective Defendants are strictly liable to each Plaintiff who has made claims against them as set forth herein.

## COUNT V

## WILLFUL AND WANTON MISCONDUCT

70.     Plaintiffs incorporate the preceding allegations as if fully stated herein.

71.     Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby caused the Parent Plaintiffs to be exposed to chemicals and substances which were defective, unsafe and/or unreasonably dangerous.

72.     Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby failed to utilize proper measures to prevent its workers and others, including the Parent Plaintiffs, from being exposed to harmful chemicals and substances.

73.     Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously

disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby failed and refused to warn or advise the Parent Plaintiffs of the dangerous characteristics of the chemicals and substances and of the health threats or adverse consequences to the unborn children of those who might use or be exposed to these chemicals and substances.

74.     Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby failed to study, investigate, determine, impose or comply with reasonable standards and regulations to protect and promote the health and safety of, or to minimize the dangers to the unborn children of those using or who would foreseeably use or be harmed by the aforesaid chemicals or substances, including the Parent Plaintiffs and their offspring.

75.     Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby failed to fully and properly test and study the aforesaid chemicals and substances to learn of the hazards associated with their use.

76.     Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby made express and implied warranties and representations, incorrectly

and untruthfully, that the aforesaid chemicals and substances, and the aforesaid wafer processing equipment, were safe and suitable for use.

77. Defendants intentionally, willfully or with a reckless disregard for the safety of Plaintiffs, acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others and thereby ignored and concealed from the Plaintiff knowledge, in existence at all relevant times, of the health hazards of the aforementioned chemicals and substances.

78. Defendants' willful, wanton, and intentional misconduct evinces a total, conscious and/or reckless disregard for the life and well-being of Plaintiffs as well as for the health, well-being and rights of others who used or otherwise came into contact with the aforesaid chemicals or substances, or whose parents used or otherwise came into contact with such chemicals or substances.

79. As a direct and proximate result of the willful, wanton and intentional misconduct of Defendants, each Plaintiff sustained the injuries and damages set forth above.

80. In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendants for their willful, wanton, intentional and/or reckless misconduct and to deter Defendants and others similarly situated from engaging in like misconduct in the future.

## COUNT VI

## LOSS OF SERVICES AND CONSORTIUM

81. Plaintiffs incorporate the preceding allegations as if fully stated herein.

82. As a result of Defendants' foregoing wrongful conduct which caused Plaintiffs Noah Manspeaker's and ReAnne Shaman's injuries, each of the Parent Plaintiffs sustained the injuries and damages set forth above. The Parent Plaintiffs' claims in this section are derivative of the injuries to their children; because the children were not employed by any defendant, these claims are not barred by A.R.S. 23-1022 or otherwise.

**WHEREFORE**, each of the Plaintiffs prays for Judgment against the Defendants and each of them as follows:

1. For general damages in an amount to be determined at the time of trial, including but not limited to past and future pain, discomfort, suffering, anguish, anxiety, disfigurement, disability and reduction of enjoyment of life.

2. For special damages in an amount to be determined at the time of trial, including but not limited to past and future medical expenses, durable medical devices, home modifications, lost future wages and impairment of earning capacity, lost household services and the expenses of personal care, and respite care for Plaintiff Parents.

3. For loss of consortium and other damages suffered by the Parent Plaintiffs arising from harm to the Infant Plaintiffs.

4. For punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future

5. For costs incurred herein.

6. For pre-judgment and post-judgment interest at the highest legal rate.

7. For such other and further relief as this Court may deem just and proper in the circumstances.

DATED this _14_ day of June, 2010.

LEVY, PHILLIPS & KONIGSBERG, LLP
Steven J. Phillips – pro hac vice
Diane Paolicelli – pro hac vice
800 Third Avenue, 13th Floor
New York, NY 10022

THORNTON & NAUMES, LLP
David D. Strouss – pro hac vice
100 Summer Street, 30th Floor
Boston, MA 02110

PLATTNER VERDERAME, P.C.
Richard S. Plattner
Frank Verderame
Randall A. Hinsch
P.O. Box 36570
Phoenix, AZ 85067

By _____
Richard S. Plattner
Attorneys for Plaintiffs

# EXHIBIT 4

1    **LEVY, PHILLIPS & KONIGSBERG, LLP**
2    800 Third Avenue, 13th Floor
     New York, NY 10022
3    Telephone: 212-605-6200
     Steven J. Phillips – pro hac vice
4    E-mail: SPhillips@lpklaw.com
     Diane Paolicelli – pro hac vice
     E-mail: DPaolicelli@lpklaw.com
5
     **THORNTON & NAUMES, LLP**
6    100 Summer Street, 30th Floor
     Boston, MA 02110
7    Telephone: 617-720-1333
     David D. Strouss  - pro hac vice
8    E-mail: DStrouss@tenlaw.com

9    **PLATTNER VERDERAME PC**
     P.O. Box 36570
10   Phoenix, AZ 85067-6570
     Telephone: 602-266-2002
11   Richard S. Plattner, State Bar No. 005019
     E-mail: rplattner@plattner-verderame.com
12   Frank Verderame, State Bar No. 007519
     E-mail: fverderame@plattner-verderame.com
13   Randall A. Hinsch, State Bar No. 010280
     E-mail rhinsch@plattner-verderame.com
14
     Attorneys for Plaintiffs
15
            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
16
            **IN AND FOR THE COUNTY OF MARICOPA**
17
18   NOAH MANSPEAKER, by his Parents          **NO.  CV2010-011544**
     and Natural Guardians, CHRIS
     MANSPEAKER and CHRISTINE
19   KENNEDY and individually; and            **CERTIFICATE OF ARBITRATION**
     REANNE SHAMAN, by her Parents and
20   Natural Guardians, MARK SHAMAN and
     JULIANNE SHAMAN and individually,        (The Hon. J. Kenneth Mangum)
21
             Plaintiffs,
22
     v.
23
     INTEL CORPORATION, a foreign
24   corporation, and ASM AMERICA, INC.,
     a foreign corporation; John Does I-X;
25   XYZ corporations I-X,
26           Defendants.

The undersigned certifies that the largest award sought at this time by complainant, including punitive damages, but excluding interest, attorneys' fees, and costs **does exceed** limits set by Local Rule for compulsory arbitration. This case **is not** subject to the Uniform Rules of Procedure for Arbitration.

DATED this _14_ day of June, 2010.

LEVY, PHILLIPS & KONIGSBERG, LLP
Steven J. Phillips – pro hac vice
Diane Paolicelli – pro hac vice
800 Third Avenue, 13th Floor
New York, NY 10022

THORNTON & NAUMES, LLP
David D. Strouss – pro hac vice
100 Summer Street, 30th Floor
Boston, MA 02110

PLATTNER VERDERAME, P.C.
Richard S. Plattner
Frank Verderame
Randall A. Hinsch
P.O. Box 36570
Phoenix, AZ 85067


By _____
    Richard S. Plattner
    Attorneys for Plaintiffs

# EXHIBIT 5

COPY

JUN 1 5 2010

MICHAEL K. JEANES, CLERK
A. ASHER
DEPUTY CLERK

1  **LEVY, PHILLIPS & KONIGSBERG, LLP**
2  800 Third Avenue, 13th Floor
   New York, NY 10022
3  Telephone: 212-605-6200
   Steven J. Phillips – pro hac vice
4  E-mail: SPhillips@lpklaw.com
   Diane Paolicelli – pro hac vice
   E-mail: DPaolicelli@lpklaw.com
5
   **THORNTON & NAUMES, LLP**
6  100 Summer Street, 30th Floor
   Boston, MA 02110
7  Telephone: 617-720-1333
   David D. Strouss - pro hac vice
8  E-mail: DStrouss@tenlaw.com

9  **PLATTNER VERDERAME PC**
   P.O. Box 36570
10 Phoenix, AZ 85067-6570
   Telephone: 602-266-2002
11 Richard S. Plattner, State Bar No. 005019
   E-mail: rplattner@plattner-verderame.com
12 Frank Verderame, State Bar No. 007519
   E-mail: fverderame@plattner-verderame.com
13 Randall A. Hinsch, State Bar No. 010280
   E-mail rhinsch@plattner-verderame.com
14
   Attorneys for Plaintiffs
15
           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
16
               **IN AND FOR THE COUNTY OF MARICOPA**
17
18 NOAH MANSPEAKER, by his Parents    **NO. CV2010-011544**
   and Natural Guardians, CHRIS
19 MANSPEAKER and CHRISTINE
   KENNEDY and individually; and       **DEMAND FOR JURY TRIAL**
   REANNE SHAMAN, by her Parents and
20 Natural Guardians, MARK SHAMAN and
   JULIANNE SHAMAN and individually,   (The Hon. J. Kenneth Mangum)
21
           Plaintiffs,
22
   v.
23
   INTEL CORPORATION, a foreign
24 corporation, and ASM AMERICA, INC.,
   a foreign corporation; John Does I-X;
25 XYZ corporations I-X,
26         Defendants.

Plaintiffs, by and through undersigned counsel, hereby demands trial by jury on all issues.

DATED this _14_ day of June, 2010.

LEVY, PHILLIPS & KONIGSBERG, LLP
Steven J. Phillips – pro hac vice
Diane Paolicelli – pro hac vice
800 Third Avenue, 13th Floor
New York, NY 10022

THORNTON & NAUMES, LLP
David D. Strouss – pro hac vice
100 Summer Street, 30th Floor
Boston, MA 02110

PLATTNER VERDERAME, P.C.
Richard S. Plattner
Frank Verderame
Randall A. Hinsch
P.O. Box 36570
Phoenix, AZ 85067

By _____
    Richard S. Plattner
    Attorneys for Plaintiffs

2

EXHIBIT 6

# MICHAEL K. JEANES, CLERK

MICHAEL K. JEANES CLERK
RECEIVED CLERK
DOCUMENT

10 JUN 28 PM 3: 29
FILED
28
BY _____, DEP

E-Z MESSENGER
1209 E. Washington Street
Phoenix, AZ 85034
(602) 258-8081 FAX: (602) 258-8864

CLIENT FILE NO.
61671-61491

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF MARICOPA

**NOAH MANSPEAKER, ET AL.**
                    VS
**INTEL CORPORATION, A FOREIGN CORPORATION**

CASE NO. CV2010-011544

| | | |
|---|---|---|
| STATE OF ARIZONA | ) | AFFIDAVIT OF SERVICE |
| MARICOPA COUNTY | ) | |

THE AFFIANT, being sworn, states: That I am a private process server registered in
MARICOPA COUNTY and an Officer of the Court.  On 06/24/10 I received the
REPLACEMENT SUMMONS; CERTIFICATE OF ARBITRATION; AMENDED COMPLAINT; DEMAND FOR JURY
TRIAL; (2) PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO
DEFENDANT ASM AMERICA, INC. WITH RESPECT TO THE MANSPEAKER PLAINTIFFS; (2)
PLAINTIFFS' FIRST NON-UNIFORM INTERROGATORIES DIRECTED TO DEFENDANT ASM AMERICA,
INC. WITH RESPECT TO THE MANSPEAKER PLAINTIFFS; (2) PLAINTIFFS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT ASM AMERICA, INC. WITH RESPECT TO THE
MANSPEAKER PLAINTIFFS

from PLATTNER VERDERAME, P.C. and by RICHARD PLATTNER in each instance I personally
served a copy of each document listed above upon:
ASM AMERICA, INC., A FOREIGN CORPORATION, BY SERVICE UPON ITS STATUTORY AGENT,
LAWDOCK INC. on 06/24/10 at 12:05 pm at TWO N. CENTRAL AVE., #300 PHOENIX, AZ 85004
MARICOPA COUNTY in the manner shown below:

by leaving true copy(ies) of the above documents with JODY SQUIRES, ASSISTANT
SECRETARY, STATED AUTHORIZED TO ACCEPT.

Description: WHITE, Female, Approx. 45 yrs. of age, 5' 8" tall, Weighing 155lbs.,
BROWN Eyes, BLONDE Hair,


ERNAD CAJIC                                              Affiant
Sworn to before me the   Jun 25, 2010


Denise M. Corral                                        Notary

My Commission expires:  05/31/2014

AX021933037

| | | | |
|---|---|---|---|
| SERVICE OF PROCESS | $ | 16.00 | |
| MILES | 1 $ | 16.00 | |
| SERVICE CHARGE | $ | 6.50 | |
| AFFIDAVIT PREP/NOTARY | $ | 10.00 | |
| TOTAL | $ | 48.50 | |

1933037 4008 06
ORIGINAL



OFFICIAL SEAL
DENISE M. CORRAL
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Exp. May 31, 2014

# EXHIBIT 7

FILED
BY *K Sullivan*, DEP.

MICHAEL K. JEANES, CLERK
RECEIVED CCC #5
DOCUMENT REPOSITORY

10 JUN 28 PM 3: 29

E-Z MESSENGER
1209 E. Washington Street
Phoenix, AZ 85034
(602) 258-8081 FAX: (602) 258-8864

CLIENT FILE NO.
61671-61491

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF MARICOPA

**NOAH MANSPEAKER, ET AL.**
          VS
**INTEL CORPORATION, A FOREIGN CORPORATION**

CASE NO. CV2010-011544

| STATE OF ARIZONA | ) | AFFIDAVIT OF SERVICE |
|---|---|---|
| PINAL COUNTY | ) | |

THE AFFIANT, being sworn, states: That I am a private process server registered in PINAL COUNTY and an Officer of the Court.  On 06/24/10 I received the REPLACEMENT SUMMONS; CERTIFICATE OF ARBITRATION; AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; (2) PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT INTEL CORPORATION WITH RESPECT TO THE MANSPEAKER PLAINTIFFS; (4) PLAINTIFFS' FIRST NON-UNIFORM INTERROGATORIES DIRECTED TO DEFENDANT INTEL CORPORATION WITH RESPECT TO THE MANSPEAKER PLAINTIFFS; (2) PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT WITH RESPECT TO THE MANSPEAKER PLAINTIFFS;

from PLATTNER VERDERAME, P.C. and by RICHARD PLATTNER in each instance I personally served a copy of each document listed above upon:
INTEL CORPORATION, A FOREIGN CORPORATION, BY SERVICE UPON ITS STATUTORY AGENT, C.T. CORPORATION SYSTEMS on 06/24/10 at 11:55 am at 2394 E. CAMELBACK RD. PHOENIX, AZ 85016 MARICOPA COUNTY in the manner shown below:

by leaving true copy(ies) of the above documents with DUC LE, PROCESS SPECIALIST, STATED AUTHORIZED TO ACCEPT.

Description: ASIAN, Male, Approx. 40 yrs. of age, 5' 9" tall, Weighing 185lbs., BROWN Eyes, BLACK Hair,



CHAD AUSTIN BARBER        Affiant
Sworn to before me the  Jun 25, 2010

Denise M. Corral           Notary

My Commission expires:  05/31/2014

| | | |
|---|---|---|
| SERVICE OF PROCESS | $ | 16.00 |
| MILES     8 | $ | 19.20 |
| SERVICE CHARGE | $ | 6.50 |
| AFFIDAVIT PREP/NOTARY | $ | 10.00 |
| TOTAL | $ | 51.70 |

AX021933036

1933036 4008 06
ORIGINAL



OFFICIAL SEAL
DENISE M. CORRAL
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Exp. May 31, 2014

# EXHIBIT 8

Shane R. Swindle (#011738)
Email: SSwindle@perkinscoie.com
David M. LaSpaluto (#024641)
Email : DLaSpaluto@perkinscoie.com
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: (602) 351-8384
Facsimile: (602) 648-7184

GIBSON, DUNN & CRUTCHER LLP
PATRICK W. DENNIS, pro hac vice pending
Email: PDennis@gibsondunn.com
BETH A. COOMBS, pro hac vice pending
Email: BCoombs@gibsondunn.com
333 South Grand Avenue, Suite 4700
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant
INTEL CORPORATION

# SUPERIOR COURT OF THE STATE OF ARIZONA

## FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| NOAH MANSPEAKER, by his Parents and Natural Guardians, CHRIS MANSPEAKER and CHRISTINE KENNEDY and individually; and REANNE SHAMAN, by her Parents and Natural Guardians, MARK SHAMAN and JULIANNE SHAMAN and individually,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a foreign corporation, and ASM AMERICA, INC., a foreign corporation; John Does I-X; XYZ corporations I-X,<br><br>Defendants. | CASE NO. CV2010-011544<br><br>**DEFENDANT INTEL CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(Assigned to The Hon. J. Kenneth Mangum) |

Defendant Intel Corporation ("Intel"), by and through its undersigned counsel, answers Plaintiffs' First Amended Complaint as follows. Any allegation not specifically admitted by Intel is denied.

Gibson, Dunn &
Crutcher LLP

# PARTIES

1.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint and, therefore, denies same.

2.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint and, therefore, denies same.

3.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint and, therefore, denies same.

4.     Upon information and belief, Intel admits that from approximately July, 2002 until June, 2009, Chris Manspeaker worked at Intel's manufacturing facilities located in Albuquerque, New Mexico and Chandler, Arizona, and that Intel owned and operated such facilities during those time periods.  Intel is without sufficient information or belief to admit or deny the remainder of the allegations contained in paragraph 4 of the First Amended Complaint and on that basis denies the remainder.

5.     Upon information and belief, Intel admits that from approximately October, 2004 to June, 2009, Christine Kennedy worked at Intel's facilities located in Chandler, Arizona, and that Intel owned and operated those facilities during that time period.  Intel is without sufficient information or belief to admit or deny the remainder of the allegations contained in paragraph 5 of the First Amended Complaint and on that basis denies the remainder.

6.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Amended Complaint and, therefore, denies same.

7.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the First Amended Complaint and, therefore, denies same.

1    8.    Intel is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations contained in paragraph 8 of the First Amended Complaint and,

3    therefore, denies same.

4    9.    Upon information and belief, Intel admits that from approximately 1983 until

5    June, 2009, Mark Shaman worked at Intel's manufacturing facilities located in Hillsboro,

6    Oregon, and Chandler, Arizona, and that Intel owned and operated such facilities during those

7    time periods. Intel is without sufficient information or belief to admit or deny the remainder

8    of the allegations contained in paragraph 9 of the First Amended Complaint and on that basis

9    denies the remainder.

10    10.    Upon information and belief, Intel admits that from approximately 1983 until

11    1991, Julianne Shaman worked at Intel's facilities located in Hillsboro, Oregon, and that Intel

12    owned and operated those facilities during that time period. Intel is without sufficient

13    information or belief to admit or deny the remainder of the allegations contained in paragraph

14    10 of the First Amended Complaint and on that basis denies the remainder.

15    11.    Intel admits the allegations contained in paragraph 11 of the First Amended

16    Complaint.

17    12.    Intel is without knowledge or information sufficient to form a belief as to the

18    truth of the allegations contained in paragraph 12 of the First Amended Complaint and,

19    therefore, denies same.

20    13.    Intel is without knowledge or information sufficient to form a belief as to the

21    truth of the allegations contained in paragraph 13 of the First Amended Complaint and,

22    therefore, denies same.

23    14.    Intel denies that the acts and events hereinafter alleged occurred primarily in

24    Maricopa County, or at all. Intel is without sufficient information or belief to admit or deny

25    the remaining allegations contained in paragraph 14 of the First Amended Complaint and on

26    that basis denies such remaining allegations.

27

28

**FACTS**

15.     Intel admits that from approximately April, 2005 until approximately June, 2009, Chris Manspeaker was an employee of Intel at its Chandler, Arizona facility. Intel further admits that from approximately July, 2002 to approximately April, 2005, Chris Manspeaker worked at Intel's Albuquerque, New Mexico facility. Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 15 and on that basis denies such remaining allegations.

16.     Intel admits that from approximately October, 2004 until approximately June, 2009, Christine Kennedy was an employee of Intel at its Chandler, Arizona facility. Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 16 and on that basis denies such remaining allegations.

17.     Intel admits that from approximately 1983 until approximately June, 2009, Mark Shaman was an employee of Intel at its Hillsboro, Oregon, and Chandler, Arizona facilities. Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 17 and on that basis denies such remaining allegations.

18.     Intel admits that from approximately 1983 until approximately 1991, Julianne Shaman was an employee of Intel at its Hillsboro, Oregon facility. Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 18 and on that basis denies such remaining allegations.

19.     Intel admits that at various times it used some or all of the chemicals and substances identified in Paragraph 19 of the First Amended Complaint within certain limited portions of its Chandler, Arizona; Albuquerque, New Mexico; Penang, Malaysia; and/or Hillsboro, Oregon facilities. Intel is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 19 of the First Amended Complaint and on that basis denies such allegations.

20.     Intel denies the allegations contained in paragraph 20 of the First Amended Complaint.

21.     Intel admits that at various times it manufactured semiconductor products for use in computers at discrete locations within its Chandler, Arizona; Albuquerque, New Mexico; Hillsboro, Oregon; and Penang, Malaysia facilities and that at various times it used some or all of the chemicals and substances identified within certain limited portions of one or more of those facilities.  Intel is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 21 of the First Amended Complaint and on that basis denies such allegations.

22.     Intel admits that at various times it used certain chemicals or substances in its clean rooms and elsewhere and that such substances were utilized in the manufacturing process of semiconductor products.  Intel is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 22 of the First Amended Complaint and on that basis denies such allegations.

23.     Intel denies that Chris Manspeaker or Mark Shaman experienced prolonged contact with or exposure to chemicals or substances at Intel's facilities.  Intel is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the First Amended Complaint and, therefore, denies such remaining allegations.

24.     Intel denies the factual allegations contained in paragraph 24 of the First Amended Complaint.  To the extent the allegations in Paragraph 24 contain legal conclusions, Intel is not required to respond to such allegations.

25.     Intel denies the allegations contained in paragraph 25 of the First Amended Complaint.

26.     Intel denies the factual allegations contained in paragraph 26 of the First Amended Complaint.  To the extent the allegations in Paragraph 26 contain legal conclusions, Intel is not required to respond to such allegations.

27.     Intel denies the allegations contained in paragraph 27 of the First Amended Complaint.

28. Intel denies the allegations contained in paragraph 28 of the First Amended Complaint.

29. Intel denies the allegations contained in paragraph 29 of the First Amended Complaint.

30. Intel denies the allegations contained in paragraph 30 of the First Amended Complaint.

31. Intel denies the allegations contained in paragraph 31 of the First Amended Complaint.

32. Intel denies the allegations contained in paragraph 32 of the First Amended Complaint.

33. Intel admits that it has purchased equipment supplied by ASM America, Inc. Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of the First Amended Complaint and, therefore, denies same.

34. Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the First Amended Complaint and, therefore, denies same.

35. Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the First Amended Complaint and, therefore, denies same.

36. Intel denies the allegations contained in paragraph 36 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 36, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

37. Plaintiffs' allegations in paragraph 37 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Intel denies those allegations.

38.     Intel denies the allegations contained in paragraph 38 of the First Amended Complaint.

39.     Plaintiffs' allegations in paragraph 39 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations.

40.     Plaintiffs' allegations in paragraph 40 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations.

41.     Plaintiffs' allegations in paragraph 41 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

42.     Plaintiffs' allegations in paragraph 42 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

43.     Intel denies the allegations contained in paragraph 43 of the First Amended Complaint.

44.     Intel denies the allegations contained in paragraph 44 of the First Amended Complaint.

45.     Intel denies the allegations contained in paragraph 45 of the First Amended Complaint to the extent those allegations are made against Intel.  As to the remaining allegations contained in paragraph 45, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

46.     Intel denies the allegations contained in paragraph 46 of the First Amended Complaint to the extent those allegations are made against Intel.  As to the remaining allegations contained in paragraph 46, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

47.     Intel denies the allegations contained in paragraph 47 of the First Amended Complaint to the extent those allegations are made against Intel.  As to the remaining

allegations contained in paragraph 47, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

## COUNT I

48.     Intel adopts and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 47 of the First Amended Complaint as if set forth herein and denies any allegations set forth in paragraph 48 of the First Amended Complaint.

49.     Intel denies the allegations contained in paragraph 49 of the First Amended Complaint to the extent those allegations are made against Intel.  As to the remaining allegations contained in paragraph 49, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

50.     Intel denies the allegations contained in paragraph 50 of the First Amended Complaint to the extent those allegations are made against Intel.  As to the remaining allegations contained in paragraph 50, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

51.     Intel denies the allegations contained in paragraph 51 of the First Amended Complaint to the extent those allegations are made against Intel.  As to the remaining allegations contained in paragraph 51, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

52.     Intel denies the allegations contained in paragraph 52 of the First Amended Complaint to the extent those allegations are made against Intel.  As to the remaining allegations contained in paragraph 52, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

53.     Intel denies the allegations contained in paragraph 53 of the First Amended Complaint to the extent those allegations are made against Intel.  As to the remaining allegations contained in paragraph 53, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

54.     Intel denies the allegations contained in paragraph 54 of the First Amended Complaint to the extent those allegations are made against Intel.  As to the remaining

Gibson, Dunn &
Crutcher LLP

No. CV2010-011544

allegations contained in paragraph 54, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

55.     Intel denies the allegations contained in paragraph 55 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 55, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

56.     Intel denies the allegations contained in paragraph 56 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 56, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

57.     Intel denies the allegations contained in paragraph 57 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 57, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

58.     Intel denies the allegations contained in paragraph 58 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 58, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

## COUNT II

59.     Intel adopts and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 58 of the First Amended Complaint as if set forth herein and denies any allegations set forth in paragraph 59 of the First Amended Complaint.

60.     Intel admits that its Penang facilities are owned by subsidiaries wholly owned by Intel. Intel admits the remaining allegations regarding ownership contained in paragraph 60 of the First Amended Complaint. Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the First Amended Complaint and, therefore, denies same.

61.     Plaintiffs' allegations in paragraph 61 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations.

62.     Plaintiffs' allegations in paragraph 62 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations.

63.     Plaintiffs' allegations in paragraph 63 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations.

## COUNT III

64.     Intel adopts and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 63 of the First Amended Complaint as if set forth herein and denies any allegations set forth in paragraph 64 of the First Amended Complaint.

65.     Plaintiffs' allegations in paragraph 65 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

66.     Plaintiffs' allegations in paragraph 66 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

## COUNT IV

67.     Intel adopts and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 66 of the First Amended Complaint as if set forth herein and denies any allegations set forth in paragraph 67 of the First Amended Complaint.

68.     Plaintiffs' allegations in paragraph 68 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

1    69.   Plaintiffs' allegations in paragraph 69 of the First Amended Complaint contain

2  legal conclusions to which no response is required.  To the extent that a response is required,

3  Intel denies those allegations to the extent they are made against Intel.

4                                    **COUNT V**

5    70.   Intel adopts and incorporates by reference herein its responses to the allegations

6  contained in paragraphs 1 through 69 of the First Amended Complaint as if set forth herein

7  and denies any allegations set forth in paragraph 70 of the First Amended Complaint.

8    71.   Plaintiffs' allegations in paragraph 71 of the First Amended Complaint contain

9  legal conclusions to which no response is required.  To the extent that a response is required,

10  Intel denies those allegations to the extent they are made against Intel.

11    72.   Plaintiffs' allegations in paragraph 72 of the First Amended Complaint contain

12  legal conclusions to which no response is required.  To the extent that a response is required,

13  Intel denies those allegations to the extent they are made against Intel.

14    73.   Plaintiffs' allegations in paragraph 73 of the First Amended Complaint contain

15  legal conclusions to which no response is required.  To the extent that a response is required,

16  Intel denies those allegations to the extent they are made against Intel.

17    74.   Plaintiffs' allegations in paragraph 74 of the First Amended Complaint contain

18  legal conclusions to which no response is required.  To the extent that a response is required,

19  Intel denies those allegations to the extent they are made against Intel.

20    75.   Plaintiffs' allegations in paragraph 75 of the First Amended Complaint contain

21  legal conclusions to which no response is required.  To the extent that a response is required,

22  Intel denies those allegations to the extent they are made against Intel.

23    76.   Plaintiffs' allegations in paragraph 76 of the First Amended Complaint contain

24  legal conclusions to which no response is required.  To the extent that a response is required,

25  Intel denies those allegations to the extent they are made against Intel.

26    77.   Plaintiffs' allegations in paragraph 77 of the First Amended Complaint contain

27  legal conclusions to which no response is required.  To the extent that a response is required,

28  Intel denies those allegations to the extent they are made against Intel.

78.     Plaintiffs' allegations in paragraph 78 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

79.     Plaintiffs' allegations in paragraph 79 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

80.     Plaintiffs' allegations in paragraph 80 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

## COUNT VI

81.     Intel adopts and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 80 of the First Amended Complaint as if set forth herein and denies any allegations set forth in paragraph 81 of the First Amended Complaint.

82.     Plaintiffs' allegations in paragraph 82 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations, together with the "WHEREFORE" clause and sections 1 through 7 contained therein, to the extent they are made against Intel.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Intel does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, or that Plaintiffs are relieved of their burdens to prove each and every element of their claims and the damages, if any, to which they claim to be entitled.  As and for its affirmative defenses, Intel alleges as follows:

1.     The First Amended Complaint, including each of its purported Counts, fails to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by the Arizona Workers' Compensation Act (A.R.S. § 23-901 *et seq.*), including, but not limited to, A.R.S. § 23-906

Gibson, Dunn & Crutcher LLP

No. CV2010-011544

and A.R.S. § 23-1022, and/or similar statutes in other states, and this court therefore lacks subject matter jurisdiction over some or all of plaintiffs' claims.

3.   Plaintiffs' claims are barred, in whole or in part, to the extent any plaintiff sought workers' compensation benefits for any of his or her alleged injuries.

4.   Plaintiffs' claims are barred, in whole or in part, because they lack standing to assert such claims against Defendants.

5.   Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

6.   Plaintiffs' claims are barred, in whole or in part, because Intel is not liable, vicariously or under any other theory for any of the acts or omissions that Plaintiffs allege ASM America, Inc. committed.

7.   Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own contributory negligence and/or comparative fault.

8.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, setoff, recoupment and/or estoppel.

9.   Plaintiffs' claims are barred, in whole or in part, by the defense of consent and/or informed assumption of the risk.

10.   Plaintiffs' claims are barred, in whole or in part, because nothing Intel purportedly did or failed to do either directly or proximately caused or contributed to any of the injuries and/or damages alleged in the First Amended Complaint.

11.   Any damages resulting from the conduct alleged against Intel were caused by individuals and/or entities other than Intel.

12.   Intel presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional and yet unstated affirmative defenses, including those matters constituting an avoidance or affirmative defense within the meaning of Ariz. R. Civ. P. 8(c). Accordingly, Intel reserves the right to assert additional defenses in the event that discovery demonstrates that any such defense is appropriate or applicable.

## REQUEST FOR RELIEF

WHEREFORE, Intel requests as follows:

A.     That all claims contained in Plaintiffs' First Amended Complaint against Intel be dismissed *with prejudice*;

B.     That Intel be awarded its costs and attorneys' fees pursuant to A.R.S. §§ 12-341, 12-341.01, and any other applicable rule or law; and

C.     That Intel have such other and further relief as this Court deems just and proper.

Dated:  July 14, 2010

**GIBSON, DUNN & CRUTCHER LLP**
Patrick W. Dennis
Beth A. Coombs
333 South Grand Avenue, Suite 4700
Los Angeles, California  90071-3197


**PERKINS COIE BROWN & BAIN P.A.**

By: _____
      Shane R. Swindle
      David M. LaSpaluto
      2901 North Central Avenue, Suite 2000
      Phoenix, Arizona  85012-2788


Attorneys for Defendant Intel Corporation

Copy of the foregoing hand-delivered
July 14, 2010, to:

The Honorable J. Kenneth Mangum
101 West Jefferson, ECB-514
Phoenix, Arizona  85003-2243

Copy of the foregoing mailed
July 14, 2010, to:

Steven J. Phillips
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, New York  10022

David D. Strouss
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, Massachusetts  02110

Richard S. Plattner
Frank Verderame
Randall A. Hinsch
Plattner Verderame PC
P.O. Box 36570
Phoenix, Arizona  85067-6570

_Shawna Murphy_

Gibson, Dunn &
Crutcher LLP

No. CV2010-011544

# EXHIBIT 9

1  Shane R. Swindle (#011738)
   Email: SSwindle@perkinscoie.com
2  David M. LaSpaluto (#024641)
   Email: DLaSpaluto@perkinscoie.com
3  PERKINS COIE BROWN & BAIN P.A.
   2901 North Central Avenue, Suite 2000
4  Phoenix, Arizona 85012-2788
   Telephone: (602) 351-8000
5  Facsimile: (602) 648-7000

6  Patrick W. Dennis, pro hac vice pending
   Email: PDennis@gibsondunn.com
7  Beth A. Coombs, pro hac vice pending
   Email: BCoombs@gibson.dunn.com
8  GIBSON DUNN & CRUTCHER LLP
   333 South Grand Avenue
9  Los Angeles, California 90071-3197
   Telephone: (213) 229-7567
10 Facsimile: (213) 229-6567

11 Attorneys for Defendant Intel Corporation

12              SUPERIOR COURT OF THE STATE OF ARIZONA

13                    FOR THE COUNTY OF MARICOPA

14

15 | NOAH MANSPEAKER, by his Parents          No. CV2010-011544
   | and Natural Guardians, CHRIS
16 | MANSPEAKER and CHRISTINE
   | KENNEDY and individually; and
17 | REANNE SHAMAN, by her Parents and        **CERTIFICATE OF AGREEMENT**
   | Natural Guardians, MARK SHAMAN           **REGARDING COMPULSORY**
18 | and JULIANNE SHAMAN and                  **ARBITRATION**
   | individually,
19 |                                          (Assigned to Hon. J. Kenneth Mangum)
20 |              Plaintiffs,

21 |         v.

22 | INTEL CORPORATION, a foreign
   | corporation, and ASM AMERICA, INC.,
23 | a foreign corporation; John Does I-X;
   | XYZ corporations I-X,
24 |
   |              Defendants.
25

26         Pursuant to Rule 3.10, Maricopa County Local Rules of Practice, defendant, Intel

27 Corporation, agrees with plaintiffs' Certificate of Arbitration in which plaintiffs state that

28 this case is not subject to compulsory arbitration pursuant to that Local Rule.

Dated: July 14, 2010

**GIBSON DUNN & CRUTCHER LLP**
Patrick W. Dennis
Beth A. Coombs
333 South Grand Avenue
Los Angeles, California 90071-3197

**PERKINS COIE BROWN & BAIN P.A.**

By:

Shane R. Swindle
David M. LaSpaluto
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

Attorneys for Defendant Intel Corporation

Copy of the foregoing hand-delivered
July 14, 2010, to:

The Honorable J. Kenneth Mangum
101 West Jefferson, ECB-514
Phoenix, Arizona 85003-2243

Copy of the foregoing mailed
July 14, 2010, to:

Steven J. Phillips
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, New York 10022

David D. Strouss
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, Massachusetts 02110

Richard S. Plattner
Frank Verderame
Randall A. Hinsch
Plattner Verderame PC
P.O. Box 36570
Phoenix, Arizona 85067-6570

_Shawna Murphy_

EXHIBIT 10

1    Stephen D. Hoffman, SB# 013875
shoffman@lbbslaw.com
2    **LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
3    2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
4    Telephone: 602.385.1040
Facsimile: 602.385.1051
5    Firm email: azdocketing@lbbslaw.com
Attorneys for ASM America, Inc.

6

7

8            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                IN AND FOR THE COUNTY OF MARICOPA

10

11    NOAH MANSPEAKER, by his Parents and     No. CV2010-011544
Natural Guardians, CHRIS MANSPEAKER
12    and CHRISTINE KENNEDY and            **ANSWER TO AMENDED COMPLAINT**
individually; and REANNE SHAMAN, by her
Parents and Natural Guardians, MARK      (The Honorable J. Kenneth Mangum)
13    SHAMAN and JULIANNE SHAMAN and
individually,

14

15             Plaintiffs,

16       vs.

17    INTEL CORPORATION, a foreign
corporation, and ASM AMERICA, INC., a
18    foreign corporation; John Does I-X; XYZ
corporations I-X,

19            Defendants.

20

21       ASM America, by and through counsel undersigned, for its answer to Plaintiffs' Amended

22 Complaint hereby admits, denies and alleges as follows:

23                                **PARTIES**

24       1.       This answering Defendant is without sufficient knowledge or information to form a

25 belief as to the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint, and

26 therefore denies same.

27       2.       This answering Defendant is without sufficient knowledge or information to form a

28 belief as to the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint, and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1

1   therefore denies same.

2       3.      This answering Defendant is without sufficient knowledge or information to form a

3   belief as to the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint, and

4   therefore denies same.

5       4.      This answering Defendant is without sufficient knowledge or information to form a

6   belief as to the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint, and

7   therefore denies same.

8       5.      This answering Defendant is without sufficient knowledge or information to form a

9   belief as to the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint, and

10  therefore denies same.

11      6.      This answering Defendant is without sufficient knowledge or information to form a

12  belief as to the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint, and

13  therefore denies same.

14      7.      This answering Defendant is without sufficient knowledge or information to form a

15  belief as to the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint, and

16  therefore denies same.

17      8.      This answering Defendant is without sufficient knowledge or information to form a

18  belief as to the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint, and

19  therefore denies same.

20      9.      This answering Defendant is without sufficient knowledge or information to form a

21  belief as to the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint, and

22  therefore denies same.

23      10.     This answering Defendant is without sufficient knowledge or information to form a

24  belief as to the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint, and

25  therefore denies same.

26      11.     Paragraph 11 of Plaintiffs' Amended Complaint requires no response from this

27  answering Defendant.

28      12.     This answering Defendant admits that it is a Delaware corporation with its

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 principal place of business in Phoenix, Arizona.

2      13.    This answering Defendant is without sufficient knowledge or information to form a

3 belief as to the identities or legal capacities of the fictitiously-named defendants and therefore

4 denies same.

5      14.    This answering Defendant is without sufficient knowledge or information to form a

6 belief as to the allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint, and

7 therefore denies same.

8 **FACTS**

9      15.    This answering Defendant is without sufficient knowledge or information to form a

10 belief as to the allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint, and

11 therefore denies same.

12      16.    This answering Defendant is without sufficient knowledge or information to form a

13 belief as to the allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint, and

14 therefore denies same.

15      17.    This answering Defendant is without sufficient knowledge or information to form a

16 belief as to the allegations contained in Paragraph 17 of Plaintiffs' Amended Complaint, and

17 therefore denies same.

18      18.    This answering Defendant is without sufficient knowledge or information to form a

19 belief as to the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint, and

20 therefore denies same.

21      19.    This answering Defendant is without sufficient knowledge or information to form a

22 belief as to the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint, and

23 therefore denies same.

24      20.    This answering Defendant is without sufficient knowledge or information to form a

25 belief as to the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint, and

26 therefore denies same.

27      21.    This answering Defendant is without sufficient knowledge or information to form a

28 belief as to the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint, and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1             3

therefore denies same.

22. This answering Defendant denies the allegations in Paragraph 22 as they pertain to this answering Defendant. This answering Defendant is without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint as they pertain to other defendants, and therefore denies same.

23. This answering Defendant denies the allegations in Paragraph 23 as they pertain to this answering Defendant. This answering Defendant is without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint as they pertain to other defendants, and therefore denies same.

24. This answering Defendant denies the allegations in Paragraph 24 as they pertain to this answering Defendant. This answering Defendant is without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint as they pertain to other defendants, and therefore denies same.

25. This answering Defendant denies the allegations in Paragraph 25 as they pertain to this answering Defendant. This answering Defendant is without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint as they pertain to other defendants, and therefore denies same.

26. This answering Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint and therefore denies same.

27. Paragraph 27 of Plaintiffs' Amended Complaint does not require a response from this answering Defendant.

28. Paragraph 28 of Plaintiffs' Amended Complaint does not require a response from this answering Defendant.

29. Paragraph 29 of Plaintiffs' Amended Complaint does not require a response from this answering Defendant.

30. Paragraph 30 of Plaintiffs' Amended Complaint does not require a response from this answering Defendant.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1

4

1    31.    Paragraph 31 of Plaintiffs' Amended Complaint does not require a response from
2    this answering Defendant.

3    32.    Paragraph 32 of Plaintiffs' Amended Complaint does not require a response from
4    this answering Defendant.

5    33.    This answering Defendant admits that it manufactures equipment from time to
6    time. This answering Defendant denies that it was negligent in any respect or that it breached any
7    duty or obligation whatsoever to Plaintiffs.

8    34.    This answering Defendant admits that it manufactures equipment from time to
9    time. This answering Defendant denies that it was negligent in any respect or that it breached any
10   duty or obligation whatsoever to Plaintiffs.

11   35.    This answering Defendant denies that it made any express or implied warranties
12   and representations to Plaintiffs. This answering Defendant further denies that it was negligent in
13   any respect or that it breached any duties or obligations whatsoever to Plaintiffs. This answering
14   Defendant further denies that it breached any express or implied warranties and/or representations.

15   36.    This answering Defendant denies the allegations in Paragraph 36 of Plaintiffs'
16   Amended Complaint to the extent they are addressed to this answering Defendant. This answering
17   Defendant is without sufficient knowledge or information to form a belief as to the allegations
18   against co-defendants and therefore denies same. This answering Defendant is without sufficient
19   knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and
20   damages, if any, and therefore denies same. This answering Defendant affirmatively alleges that
21   one or more of Plaintiffs' claims are barred by applicable statutes of limitation.

22   37.    This answering Defendant denies that 42 U.S.C. §9658 confers upon Plaintiffs a
23   private cause of action against this answering Defendant.

24   38.    This answering Defendant is without sufficient knowledge or information to form a
25   belief as to Plaintiffs Noah Manspeaker and/or Reanne Shaman's personal injuries and damages, if
26   any, and therefore denies same.

27   39.    This answering Defendant further denies it operated a facility under the meaning of
28   CERCLA, 42 U.S.C. §9601, *et seq.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1                                5

40. This answering Defendant denies that it is a responsible party under CERCLA with respect to any claims brought by Plaintiffs.

41. This answering Defendant denies that it is a responsible party under CERCLA with respect to any claims brought by Plaintiffs.

42. This answering Defendant denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

43. This answering Defendant is without sufficient knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

44. This answering Defendant is without sufficient knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

45. This answering Defendant is without sufficient knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

46. This answering Defendant is without sufficient knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

47. This answering Defendant is without sufficient knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

# COUNT I

## NEGLIGENCE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

48. This defendant incorporates herein by reference paragraphs 1 through 47.

49. This answering Defendant denies the allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

50. This answering Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

51. This answering Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

52. This answering Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

53. This answering Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

54. This answering Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

55. This answering Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

56. This answering Defendant denies the allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.

57. This answering Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs. This

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1

7

1  answering Defendant is without sufficient knowledge or information to form a belief as to the
2  nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

3      58.    This answering Defendant denies the allegations contained in Paragraph 58 of
4  Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was
5  negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs. This
6  answering Defendant is without sufficient knowledge or information to form a belief as to the
7  nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

8                                    **COUNT II**

9                              **PREMISES LIABILITY**

10      59.    This defendant incorporates herein by reference paragraphs 1 through 58.

11      60.    Paragraph 60 of Plaintiffs' Amended Complaint requires no response from this
12  answering Defendant.

13      61.    Paragraph 61 of Plaintiffs' Amended Complaint requires no response from this
14  answering Defendant.

15      62.    Paragraph 62 of Plaintiffs' Amended Complaint requires no response from this
16  answering Defendant.

17      63.    Paragraph 63 of Plaintiffs' Amended Complaint requires no response from this
18  answering Defendant.

19                                   **COUNT III**

20                          **STRICT PRODUCTS LIABILITY**

21      64.    This defendant incorporates herein by reference paragraphs 1 through 63.

22      65.    This answering Defendant denies the allegations contained in Paragraph 65 of
23  Plaintiffs' Amended Complaint. This answering Defendant further denies that it was negligent in
24  any respect or that it breached any duty or obligation whatsoever to Plaintiffs. This answering
25  Defendant is without sufficient knowledge or information to form a belief as to the nature and
26  extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

27      66.    This answering Defendant denies the allegations contained in Paragraph 66 of
28  Plaintiffs' Amended Complaint. This answering Defendant further denies that it was negligent in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1                                    8

1  any respect or that it breached any duty or obligation whatsoever to Plaintiffs. This answering

2  Defendant is without sufficient knowledge or information to form a belief as to the nature and

3  extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

4  ## COUNT IV

5  ## ABNORMALLY DANGEROUS AND

6  ## ULTRA-HAZARDOUS ACTIVITY

7  67.    This defendant incorporates herein by reference paragraphs 1 through 66. This

8  answering Defendant denies the allegations contained in Paragraph 67 of Plaintiffs' First Amended

9  Complaint. This answering Defendant further denies that it was negligent in any respect or that it

10 breached any duty or obligation whatsoever to Plaintiffs.

11 68.    This answering Defendant denies the allegations contained in Paragraph 68 of

12 Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was

13 negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs. This

14 answering Defendant is without sufficient knowledge or information to form a belief as to the

15 nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

16 69.    This answering Defendant denies the allegations contained in Paragraph 69 of

17 Plaintiffs' First Amended Complaint. This answering Defendant further denies that it was

18 negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs. This

19 answering Defendant is without sufficient knowledge or information to form a belief as to the

20 nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

21 ## COUNT V

22 ## WILLFUL AND WANTON MISCONDUCT

23 70.    This defendant incorporates herein by reference paragraphs 1 through 69.

24 71.    This answering Defendant denies the allegations contained in Paragraph 71 of

25 Plaintiffs' Amended Complaint. This answering Defendant further denies that it was negligent in

26 any respect or that it breached any duty or obligation whatsoever to Plaintiffs. This answering

27 Defendant is without sufficient knowledge or information to form a belief as to the nature and

28 extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1                                    9

72.     This answering Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint.  This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.  This answering Defendant is without sufficient knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

73.     This answering Defendant denies the allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint.  This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.  This answering Defendant is without sufficient knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

74.     This answering Defendant denies the allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint.  This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.  This answering Defendant is without sufficient knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

75.     This answering Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint.  This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.  This answering Defendant is without sufficient knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

76.     This answering Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Amended Complaint.  This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.  This answering Defendant is without sufficient knowledge or information to form a belief as to the nature and extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

77.     This answering Defendant denies the allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint.  This answering Defendant further denies that it was negligent in any respect or that it breached any duty or obligation whatsoever to Plaintiffs.  This answering

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1                                   10

1 Defendant is without sufficient knowledge or information to form a belief as to the nature and

2 extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

3      78.    This answering Defendant denies the allegations contained in Paragraph 78 of

4 Plaintiffs' Amended Complaint. This answering Defendant further denies that it was negligent in

5 any respect or that it breached any duty or obligation whatsoever to Plaintiffs. This answering

6 Defendant is without sufficient knowledge or information to form a belief as to the nature and

7 extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

8      79.    This answering Defendant denies the allegations contained in Paragraph 79 of

9 Plaintiffs' Amended Complaint. This answering Defendant further denies that it was negligent in

10 any respect or that it breached any duty or obligation whatsoever to Plaintiffs. This answering

11 Defendant is without sufficient knowledge or information to form a belief as to the nature and

12 extent of Plaintiffs' injuries and damages, if any, and therefore denies same.

13      80.    This answering Defendant denies the allegations contained in Paragraph 80 of

14 Plaintiffs' Amended Complaint. This answering Defendant further denies that it was negligent in

15 any respect or that it breached any duty or obligation whatsoever to Plaintiffs. This answering

16 Defendant is without sufficient knowledge or information to form a belief as to the nature and

17 extent of Plaintiffs' injuries and damages, if any, and therefore denies same. This answering

18 Defendant denies that Plaintiffs are entitled to any award of punitive damages.

19 **COUNT VI**

20 **LOSS OF SERVICES AND CONSORTIUM**

21      81.    This defendant incorporates herein by reference paragraphs 1 through 80.

22      82.    This answering Defendant denies that it was negligent in any respect or that it

23 breached any duty or obligation whatsoever to Plaintiffs. This answering Defendant is without

24 sufficient knowledge or information to form a belief as to the remaining allegations contained in

25 Paragraph 82 of Plaintiffs' Amended Complaint and therefore denies same.

26      83.    This answering Defendant denies each and every allegation of Plaintiffs' Amended

27 Complaint not herein specifically admitted.

28 **AFFIRMATIVE DEFENSES**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    84.    This answering Defendant alleges that Plaintiffs' injuries and damages, if any, were

2  caused or occasioned solely or in part by Plaintiffs' contributory negligence and/or assumption of

3  risk, or by the conduct of persons or entities other than this answering Defendant.

4    85.    This answering Defendant alleges that Plaintiffs' injuries and damages, if any, were

5  caused or occasioned solely or in part by the conduct of persons or entities other than this

6  answering Defendant, thus reducing Plaintiffs' recovery against this answering Defendant pursuant

7  to A.R.S. §12-2501, *et seq.*

8    86.    This answering Defendant further pleads and places Plaintiffs on notice of

9  affirmative defenses available to this answering Defendant under A.R.S. §12-683.

10    87.    This answering Defendant alleges that the Complaint and causes of action therein

11  fail to state facts sufficient to constitute a cause of action against this answering Defendant.

12    88.    This answering Defendant alleges that the Plaintiffs were careless and negligent in

13  and about the matters referred to in the complaint and that such negligence and carelessness on the

14  part of the Plaintiffs proximately caused and contributed to the damages complained of, if any

15  there were.

16    89.    This answering Defendant alleges that the Plaintiffs knew, or in the exercise of

17  ordinary care, should have known of the risks and hazards involved in the undertaking in which

18  Plaintiffs engaged, but nevertheless and with full knowledge of these things, did fully and

19  voluntarily consent to assume the risks and hazards involved in the undertaking.

20    90.    This answering Defendant alleges that the Plaintiffs were solely and totally

21  negligent in and about the matters referred to in the complaint and that such negligence and

22  carelessness on the part of the Plaintiffs proximately amounted to One Hundred Percent (100%) of

23  the negligence involved in this case and was the sole cause of the injuries and damages

24  complained of, if any there were.

25    91.    This answering Defendant alleges that at all times and places mentioned in the

26  Complaint, Plaintiffs and/or other persons without this Defendant's knowledge and approval

27  redesigned, modified, altered, and used this Defendant's products contrary to instructions and

28  contrary to the custom and practice of the industry.  This redesign, modification, alteration, and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    use so substantially changed the product's character that if there was a defect in the product --

2    which is specifically denied -- such defect resulted solely from the redesign, modification,

3    alteration, or other such treatment or change and not from any act or omission by this Defendant.

4         Therefore, said defect, if any, was created by Plaintiffs and/or other persons, as the case

5    may be, and was the direct and proximate cause of the injuries and damages, if any, that Plaintiffs

6    allegedly suffered.

7         92.    This answering Defendant alleges that if there is any negligence or liability of any

8    of the parties named herein, it is the sole and exclusive negligence and liability of the other

9    defendants, and not of this answering Defendant.

10        93.    This answering Defendant alleges that its products were manufactured, produced,

11   supplied, sold and distributed in mandatory conformity with specifications promulgated by the

12   United States government, as set forth in the United States Constitution, and that any recovery by

13   Plaintiffs on the complaint on file herein is barred in consequence of the exercise of those

14   sovereign powers.

15        94.    This answering Defendant alleges that the products, if any, for which it may have

16   legal responsibility were installed, labeled, assembled, serviced, supplied, manufactured, designed,

17   packaged, distributed, marketed, and/or sold in accordance with contract specifications imposed

18   by its co-defendants, by the U.S. government, by Plaintiffs' employers and by third parties yet to

19   be identified.

20        95.    This answering Defendant alleges that at the time of the injuries alleged in the

21   complaint Plaintiffs were employed and were entitled to and did receive workers' compensation

22   benefits from said employer.  This Defendant is informed and believes, and on the basis of said

23   information and belief alleges that, if the conditions as alleged in the Plaintiffs' complaint are

24   found to exist, the Plaintiffs' employer was negligent and careless in and about the matters referred

25   to in said complaint and that said negligence on the part of the employer proximately caused or

26   contributed to the injuries and damages, if any, complained of by the Plaintiffs, and further, that

27   the Plaintiffs' employer assumed the risk of injury to the Plaintiffs, if any there was, in that at the

28   time and place of the incident such conditions, if any, were open and apparent and were fully

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 known to the Plaintiffs' employer; and that by reason thereof, this Defendant is entitled to set off

2 any compensation benefits received or to be received by the plaintiffs against any judgment which

3 maybe rendered in favor of the plaintiffs herein.

4      96.    This answering Defendant alleges that the Plaintiffs unreasonably delayed in

5 bringing this action against Defendant and that such delay substantially prejudiced this answering

6 Defendant. Therefore, this action is barred by the doctrine of laches.

7      97.    This answering Defendant alleges that Plaintiffs' employer voluntarily and

8 knowingly entered into and engaged in the operations, acts and conduct alleged in said complaint,

9 and voluntarily and knowingly assumed all of the risks incident to said operation, acts and conduct

10 alleged in said complaint, and voluntarily and knowingly assumed all of the risks incident to said

11 operations, acts and conduct at the time and place mentioned in the Complaint.

12      98.    This answering Defendant alleges that the Plaintiffs acknowledged, ratified,

13 consented to and acquiesced in the alleged acts or omissions, if any, of this answering Defendant,

14 thus barring Plaintiffs from any relief as prayed for herein.

15      99.    This answering Defendant is informed and believes and therefore alleges that

16 Plaintiffs are unable to identify the actual manufacturer or manufacturers of the products which

17 allegedly caused the injury which forms the basis of the Amended Complaint herein, and that said

18 manufacturers were entities other than this Defendant. Therefore, this Defendant may not be held

19 liable for the injury of the Plaintiffs.

20      100.    This answering Defendant alleges that Plaintiffs' employer(s) were and are

21 sophisticated users and knew independently or reasonably should have known of any danger or

22 hazard associated with the use of a product(s) in question.

23      101.    This answering Defendant alleges that at all times alleged in the Amended

24 Complaint the products alleged to have caused Plaintiffs' injuries were designed, manufactured,

25 sold, distributed, labeled and advertised in compliance with the then existing state of the art in the

26 industry to which this Defendant belonged and furthermore, that the benefits of any such product

27 design outweighed any risk of danger in the design and that any such product met the safety

28 expectations of Plaintiffs and the general public.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1           14

102. This answering Defendant alleges that to the extent the Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised the claims herein, and accordingly, said claims are barred by operation of law; alternatively, Plaintiffs have accepted compensation as partial settlement of those claims for which this Defendant is entitled to a set-off.

103. There was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the Plaintiffs, or malice (actual, legal, or otherwise) on the part of this Defendant as to the Plaintiffs.

104. At all times and places mentioned in the complaint, Plaintiffs have failed to make reasonable efforts to mitigate injuries and damages, if any.

105. Plaintiffs, prior to the filing of this complaint, never informed this Defendant, by notification or otherwise, of any breach of express and/or implied warranties; consequently, claims of breach of express and/or implied warranties against this Defendant are barred.

106. This answering Defendant alleges that to the extent the amount of punitive damages sought is unconstitutionally excessive under the United States Constitution, it violates the Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend XIV, section 1.

107. This answering Defendant alleges that the Plaintiffs' claim for punitive damages impermissibly seeks a multiple award of punitive damages as against this defendant in violation of the following clauses: the Contracts Clause of Article I, section 10 of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Equal Protection of the laws and Due Process provision of the Fifth and Fourteenth Amendments of the United States Constitution; and the Equal Protection of the laws and defendant's right to be free of Cruel and Unusual Punishment and Excessive Fines as guaranteed under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

108. This answering Defendant alleges that punitive damages are barred by the Constitution of the United States by virtue of their violation of one or more of the following clauses: the Contracts Clause of Article I, section 10 of the United States Constitution; the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1                    15

1 Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Due

2 Process Clause of the Fourteenth Amendment of the United States Constitution; the Equal

3 Protection of the laws and due process provision of the Fifth and Fourteenth Amendments of the

4 United States Constitution; and the Equal Protection of the laws and defendant's right to be free of

5 Cruel and Unusual Punishment and Excessive Fines as guaranteed under the Fifth, Eighth and

6 Fourteenth Amendments to the United States Constitution.

7       109.    This answering Defendant alleges that the subject product was not used in the

8 manner in which it was intended to be used, and as a proximate result of such abuse and misuse,

9 the plaintiffs sustained the injuries and damages complained of, if any.

10       110.    This answering Defendant alleges that Plaintiffs have failed to join a party or the

11 parties necessary for a just adjudication of this matter and has further omitted to state any reasons

12 for such failure.

13       111.    This answering Defendant alleges that Plaintiffs' claims are a nullity for failure of

14 commencement of suit.

15       112.    This answering Defendant alleges that Plaintiffs failed to exercise ordinary care for

16 his own safety and well-being, and that failure to exercise ordinary care proximately and directly

17 caused and/or contributed to the alleged illness and injury pled in the complaint.  Consequently,

18 this Defendant is entitled to the full protection afforded by law.

19       113.    This answering Defendant alleges that Plaintiffs' injuries or illness, if any, were due

20 to the acts or omissions of a person or persons over whom this Defendant had neither control nor

21 the right of control.

22       114.    This answering Defendant alleges that while specifically and vigorously denying

23 the allegations of the Plaintiffs concerning liability, injuries and damages, to the extent that

24 Plaintiffs may be able to prove those allegations, this Defendant states that they were the result of

25 intervening acts of superseding negligence on the part of the person or persons over whom this

26 Defendant had neither control nor the right of control.

27       115.    This answering Defendant alleges that at all times and places mentioned in the

28 complaint, Plaintiffs and/or other persons used this answering Defendant's products, if indeed any

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1                                    16

were used, in an unreasonable manner, not reasonably foreseeable to this Defendant, and for a purpose for which the products were not intended, manufactured or designed. Plaintiffs' injuries and damages, if any, were therefore directly and proximately caused by misuse and abuse of such products.

116. This answering Defendant alleges that any exposure of Plaintiffs to this Defendant's product or products, which exposure is vigorously denied, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused his claimed injuries and illness.

117. This answering Defendant alleges that Plaintiffs have waived any and all claims sought in this action and is estopped both to assert and to recover upon such claims.

118. This answering Defendant alleges that the causes of actions asserted by the Plaintiffs fail to state a claim upon which relief can be granted, for if relief be granted, such relief would constitute a taking of this Defendant's property for a public use without just compensation, a violation of this Defendant's Constitutional rights.

119. This answering Defendant alleges that the causes of action asserted by Plaintiffs fail to state a claim upon which relief can be granted because such relief would constitute a denial by this court of Defendant's Constitutional right to equal protection under the law.

120. This answering Defendant alleges that the causes of action asserted by Plaintiffs against this entity are improper as Plaintiffs incorrectly allege that this answering Defendant is responsible, in whole or in part, for the acts of one or more alternative entities. This answering Defendant denies those claims.

121. This answering Defendant alleges that Plaintiffs' claim of successor liability and association with other entities is not factually or legally supported, and, as such, Plaintiffs have no claim against this answering Defendant as asserted.

122. This answering Defendant alleges that it is not responsible for the product line or items which Plaintiffs claim that it manufactured, distributed or sold. Rather, this answering Defendant asserts that another entity manufactured, distributed and sold this product line and is legally responsible therefore.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1

17

1    123.    This answering Defendant alleges that to the extent any claim for relief in the

2    complaint, or amended complaint, seeks to recover damages against this Defendant for alleged

3    acts or omissions of predecessors or successors-in-interest to this Defendant of any kind or

4    description, this Defendant asserts that it is not legally responsible and cannot legally be held

5    liable for any such acts or omissions.  This Defendant further asserts that it cannot be held liable

6    for punitive damages and/or exemplary damages which are or may be attributable to the conduct

7    of any predecessor or successor-in-interest.  Further, this Defendant asserts that the conduct of any

8    predecessor or successor-in-interest cannot, as a matter of law, provide a legal basis for liability or

9    the imposition of damages against this defendant.

10    124.    This answering Defendant alleges that the product(s) or equipment which may have

11    been manufactured or distributed by this answering Defendant were manufactured and/or

12    distributed in accordance with specifications and requirements supplied to this Defendant by

13    individuals or entities including, but not limited to, the United States of America.  The alleged

14    defect, if any, in said products was therefore caused by the mandatory specifications and

15    requirements, and the alleged defect was neither known to nor discoverable by this Defendant with

16    the exercise of reasonable care.

17    125.    This answering Defendant alleges that Plaintiffs' recovery against this answering

18    Defendant is barred, diminished or reduced in that the product(s) or equipment, if any, utilized by

19    Plaintiffs was altered or changed from the original condition of said product(s) or equipment at the

20    time it left the possession and control of this Defendant.

21    126.    This answering Defendant alleges that Plaintiffs were sophisticated users of any

22    products that caused them injury, meaning that this answering Defendant can have no liability

23    pursuant to *Dole Food Co. v. North Carolina Foam Ind., Inc.*, 188 Ariz. 298 (App. 1996).

24    127.    This answering Defendant alleges that Plaintiffs' employer(s) was/were

25    sophisticated users and/or learned intermediaries of any products that caused injury, meaning that

26    this answering Defendant can have no liability pursuant to *Dole Food Co. v. North Carolina Foam*

27    *Ind., Inc.*, 188 Ariz. 298 (App. 1996).

28    128.    This answering Defendant alleges that the product(s) or equipment which may have

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-2423-3734.1                                                18

1 been manufactured or distributed by this answering Defendant were distributed to learned

2 intermediaries, meaning that this answering Defendant can have no liability pursuant to *Dole Food*

3 *Co. v. North Carolina Ind., Inc.*, 188 Ariz. 298 (App. 1996).

4       129.   This answering Defendant affirmatively alleges that one or more of Plaintiffs'

5 claims may be barred by the applicable statute of limitations and/or statute of repose.

6       130.   Additional facts may be revealed by future discovery, which support affirmative

7 defenses presently available but unknown by this answering Defendant. Accordingly, this

8 answering Defendant hereby alleges the following affirmative defenses: arbitration and award,

9 equitable estoppel, lack of jurisdiction of subject matter, lack of jurisdiction over the person,

10 improper venue, insufficiency of service of process, insufficiency of process, multiplicity of suits,

11 and pendency of other action.

12       131.   This answering Defendant has had insufficient opportunity to conduct discovery

13 necessary to determine which, if any, of the affirmative defenses set forth in Rule 8(c), Ariz. Rules

14 Civ. P. may apply: So, rather than waive those defenses, this answering Defendant asserts each

15 and every defense stated in Rule 8(c).

16       Wherefore, this answering Defendant prays that Plaintiffs' Complaint be dismissed, that

17 Plaintiffs take nothing thereby, and that Defendant be awarded its taxable costs, and such other

18 and further relief as the court deems just and proper.

19       DATED this 21st day of July, 2010.

20               **LEWIS BRISBOIS BISGAARD & SMITH LLP**

21

22               By /s/ Stephen D. Hoffman

23                  Stephen D. Hoffman
                   Attorneys for ASM America

24 Copy of the foregoing mailed this
25 21st day of July, 2010, to:

26 Steve J. Phillips
Diane Paolicelli

27 Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor

28 New York, NY 10022

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Attorneys for Plaintiff*

David D. Strouss
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
*Attorneys for Plaintiff*

Richard S. Plattner
Plattner Verderame PC
P.O. Box 36570
Phoenix, AZ 85067-6570
*Attorneys for Plaintiff*

Shane R. Swindle
Perkins Coie Brown & Bain PA
P.O. Box 400
Phoenix, AZ 85001-0400
*Attorneys for Defendant Intel*

Patrick W. Dennis
Gibson Dunn
333 South Grand Avenue
Los Angeles, CA 90071-3197
*Attorneys for Defendant Intel*

/s/ Sandra Eliot_____

4831-2423-3734.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT 11

1   Stephen D. Hoffman, SB# 013875
    shoffman@lbbslaw.com
2   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    Phoenix Plaza Tower II
3   2929 North Central Avenue, Suite 1700
    Phoenix, Arizona 85012-2761
4   Telephone: 602.385.1040
    Facsimile: 602.385.1051
5   Firm email: azdocketing@lbbslaw.com
    Attorneys for ASM America, Inc.
6

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
8
                    IN AND FOR THE COUNTY OF MARICOPA
9

10
    NOAH MANSPEAKER, by his Parents and          No. CV2010-011544
11  Natural Guardians, CHRIS MANSPEAKER
    and CHRISTINE KENNEDY and                    **CERTIFICATE OF COMPULSORY**
12  individually; and REANNE SHAMAN, by her      **ARBITRATION**
    Parents and Natural Guardians, MARK
13  SHAMAN and JULIANNE SHAMAN and               (The Honorable J. Kenneth Mangum)
    individually,
14
                  Plaintiffs,
15
         vs.
16
    INTEL CORPORATION, a foreign
17  corporation, and ASM AMERICA, INC., a
    foreign corporation; John Does I-X; XYZ
18  corporations I-X,
19                Defendants.

20

21         ASM America, by and through counsel undersigned, certifies that the largest award sought

22  in this case exceeds the limits set forth by the Arizona Rules for Compulsory Arbitration and

23  therefore this case is not subject to mandatory arbitration.

24         DATED this 21st day of July, 2010.

25                                       **LEWIS BRISBOIS BISGAARD & SMITH LLP**

26

27                                       By /s/ Stephen D. Hoffman
                                              Stephen D. Hoffman
28                                            Attorneys for ASM America

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW
    4830-8623-6678.1

Copy of the foregoing mailed this
21st day of July, 2010, to:

Steve J. Phillips
Diane Paolicelli
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, NY 10022
*Attorneys for Plaintiff*

David D. Strouss
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
*Attorneys for Plaintiff*

Richard S. Plattner
Plattner Verderame PC
P.O. Box 36570
Phoenix, AZ 85067-6570
*Attorneys for Plaintiff*

Shane R. Swindle
Perkins Coie Brown & Bain PA
P.O. Box 400
Phoenix, AZ 85001-0400
*Attorneys for Defendant Intel*

Patrick W. Dennis
Gibson Dunn
333 South Grand Avenue
Los Angeles, CA 90071-3197
*Attorneys for Defendant Intel*


/s/ Sandra Eliot

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT 12

1   Stephen D. Hoffman, SB# 013875
    shoffman@lbbslaw.com
2   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    Phoenix Plaza Tower II
3   2929 North Central Avenue, Suite 1700
    Phoenix, Arizona 85012-2761
4   Telephone: 602.385.1040
    Facsimile: 602.385.1051
5   Firm email: azdocketing@lbbslaw.com
    Attorneys for ASM America, Inc.

6

7

8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9               IN AND FOR THE COUNTY OF MARICOPA

10

11  NOAH MANSPEAKER, by his Parents and    No. CV2010-011544
    Natural Guardians, CHRIS MANSPEAKER
12  and CHRISTINE KENNEDY and        **DEMAND FOR JURY TRIAL**
    individually; and REANNE SHAMAN, by her
13  Parents and Natural Guardians, MARK    (The Honorable J. Kenneth Mangum)
    SHAMAN and JULIANNE SHAMAN and
    individually,
14

15           Plaintiffs,

16      vs.

17  INTEL CORPORATION, a foreign
    corporation, and ASM AMERICA, INC., a
18  foreign corporation; John Does I-X; XYZ
    corporations I-X,
19
           Defendants.
20

21      ASM America, by and through counsel undersigned, and pursuant to Rule 38(b), Arizona

22  Rules of Civil Procedure, hereby demands a trial by jury on all triable issues.

23      DATED this 21st day of July, 2010.

24               **LEWIS BRISBOIS BISGAARD & SMITH LLP**

25

26               By /s/ Stephen D. Hoffman
                    Stephen D. Hoffman
27                Attorneys for ASM America

28  Copy of the foregoing mailed this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4846-4704-2054.1

21st day of July, 2010, to:

Steve J. Phillips
Diane Paolicelli
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, NY 10022
*Attorneys for Plaintiff*

David D. Strouss
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
*Attorneys for Plaintiff*

Richard S. Plattner
Plattner Verderame PC
P.O. Box 36570
Phoenix, AZ 85067-6570
*Attorneys for Plaintiff*

Shane R. Swindle
Perkins Coie Brown & Bain PA
P.O. Box 400
Phoenix, AZ 85001-0400
*Attorneys for Defendant Intel*

Patrick W. Dennis
Gibson Dunn
333 South Grand Avenue
Los Angeles, CA 90071-3197
*Attorneys for Defendant Intel*


/s/ Sandra Eliot

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT 13

1  David M. LaSpaluto (#024641)
   Email : DLaSpaluto@perkinscoie.com
2  PERKINS COIE BROWN & BAIN P.A.
   2901 North Central Avenue, Suite 2000
3  Phoenix, Arizona 85012-2788
   Telephone: (602) 351-8384
4  Facsimile: (602) 648-7184

5  GIBSON, DUNN & CRUTCHER LLP
   PATRICK W. DENNIS, pro hac vice pending
6  Email: PDennis@gibsondunn.com
   BETH A. COOMBS, pro hac vice pending
7  Email: BCoombs@gibsondunn.com
   333 South Grand Avenue, Suite 4700
8  Los Angeles, California 90071-3197
   Telephone: (213) 229-7000
9  Facsimile: (213) 229-7520

10 Attorneys for Defendant
   INTEL CORPORATION

11

12               SUPERIOR COURT OF THE STATE OF ARIZONA

13                    FOR THE COUNTY OF MARICOPA

14

15 NOAH MANSPEAKER, by his Parents and          CASE NO. CV2010-011544
   Natural Guardians, CHRIS MANSPEAKER
16 and CHRISTINE KENNEDY and
   individually; and REANNE SHAMAN, by
17 her Parents and Natural Guardians, MARK       **DEFENDANT INTEL CORPORATION'S
   SHAMAN and JULIANNE SHAMAN and                FIRST AMENDED ANSWER TO
18 individually,                                 PLAINTIFFS' FIRST AMENDED
                                                 COMPLAINT**
19               Plaintiffs,
                                                 (Assigned to The Hon. J. Kenneth Mangum)
20        v.

21 INTEL CORPORATION, a foreign
   corporation, and ASM AMERICA, INC., a
22 foreign corporation; John Does I-X; XYZ
   corporations
23 I-X,

24               Defendants.

25        Defendant Intel Corporation ("Intel"), by and through its undersigned counsel, answers

26 Plaintiffs' First Amended Complaint as follows. Any allegation not specifically admitted by

27 Intel is denied.

28

Gibson, Dunn &
Crutcher LLP

# PARTIES

1.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint and, therefore, denies same.

2.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint and, therefore, denies same.

3.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint and, therefore, denies same.

4.     Upon information and belief, Intel admits that from approximately July, 2002 until June, 2009, Chris Manspeaker worked at Intel's manufacturing facilities located in Albuquerque, New Mexico and Chandler, Arizona, and that Intel owned and operated such facilities during those time periods. Intel is without sufficient information or belief to admit or deny the remainder of the allegations contained in paragraph 4 of the First Amended Complaint and on that basis denies the remainder.

5.     Upon information and belief, Intel admits that from approximately October, 2004 to June, 2009, Christine Kennedy worked at Intel's facilities located in Chandler, Arizona, and that Intel owned and operated those facilities during that time period. Intel is without sufficient information or belief to admit or deny the remainder of the allegations contained in paragraph 5 of the First Amended Complaint and on that basis denies the remainder.

6.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Amended Complaint and, therefore, denies same.

7.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the First Amended Complaint and, therefore, denies same.

8.      Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the First Amended Complaint and, therefore, denies same.

9.      Upon information and belief, Intel admits that from approximately 1983 until June, 2009, Mark Shaman worked at Intel's manufacturing facilities located in Hillsboro, Oregon, and Chandler, Arizona, and that Intel owned and operated such facilities during those time periods. Intel is without sufficient information or belief to admit or deny the remainder of the allegations contained in paragraph 9 of the First Amended Complaint and on that basis denies the remainder.

10.     Upon information and belief, Intel admits that from approximately 1983 until 1991, Julianne Shaman worked at Intel's facilities located in Hillsboro, Oregon, and that Intel owned and operated those facilities during that time period. Intel is without sufficient information or belief to admit or deny the remainder of the allegations contained in paragraph 10 of the First Amended Complaint and on that basis denies the remainder.

11.     Intel admits the allegations contained in paragraph 11 of the First Amended Complaint.

12.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Amended Complaint and, therefore, denies same.

13.     Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the First Amended Complaint and, therefore, denies same.

14.     Intel denies that the acts and events hereinafter alleged occurred primarily in Maricopa County, or at all. Intel is without sufficient information or belief to admit or deny the remaining allegations contained in paragraph 14 of the First Amended Complaint and on that basis denies such remaining allegations.

# FACTS

15.     Intel admits that from approximately April, 2005 until approximately June, 2009, Chris Manspeaker was an employee of Intel at its Chandler, Arizona facility. Intel further admits that from approximately July, 2002 to approximately April, 2005, Chris Manspeaker worked at Intel's Albuquerque, New Mexico facility. Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 15 and on that basis denies such remaining allegations.

16.     Intel admits that from approximately October, 2004 until approximately June, 2009, Christine Kennedy was an employee of Intel at its Chandler, Arizona facility. Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 16 and on that basis denies such remaining allegations.

17.     Intel admits that from approximately 1983 until approximately June, 2009, Mark Shaman was an employee of Intel at its Hillsboro, Oregon, and Chandler, Arizona facilities. Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 17 and on that basis denies such remaining allegations.

18.     Intel admits that from approximately 1983 until approximately 1991, Julianne Shaman was an employee of Intel at its Hillsboro, Oregon facility. Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 18 and on that basis denies such remaining allegations.

19.     Intel admits that at various times it used some or all of the chemicals and substances identified in Paragraph 19 of the First Amended Complaint within certain limited portions of its Chandler, Arizona; Albuquerque, New Mexico; Penang, Malaysia; and/or Hillsboro, Oregon facilities. Intel is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 19 of the First Amended Complaint and on that basis denies such allegations.

20.     Intel denies the allegations contained in paragraph 20 of the First Amended Complaint.

21.     Intel admits that at various times it manufactured semiconductor products for use in computers at discrete locations within its Chandler, Arizona; Albuquerque, New Mexico; Hillsboro, Oregon; and Penang, Malaysia facilities and that at various times it used some or all of the chemicals and substances identified within certain limited portions of one or more of those facilities.  Intel is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 21 of the First Amended Complaint and on that basis denies such allegations.

22.     Intel admits that at various times it used certain chemicals or substances in its clean rooms and elsewhere and that such substances were utilized in the manufacturing process of semiconductor products.  Intel is without sufficient information or belief to admit or deny the remaining allegations of Paragraph 22 of the First Amended Complaint and on that basis denies such allegations.

23.     Intel denies that Chris Manspeaker or Mark Shaman experienced prolonged contact with or exposure to chemicals or substances at Intel's facilities.  Intel is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the First Amended Complaint and, therefore, denies such remaining allegations.

24.     Intel denies the factual allegations contained in paragraph 24 of the First Amended Complaint.  To the extent the allegations in Paragraph 24 contain legal conclusions, Intel is not required to respond to such allegations.

25.     Intel denies the allegations contained in paragraph 25 of the First Amended Complaint.

26.     Intel denies the factual allegations contained in paragraph 26 of the First Amended Complaint.  To the extent the allegations in Paragraph 26 contain legal conclusions, Intel is not required to respond to such allegations.

27.     Intel denies the allegations contained in paragraph 27 of the First Amended Complaint.

28. Intel denies the allegations contained in paragraph 28 of the First Amended Complaint.

29. Intel denies the allegations contained in paragraph 29 of the First Amended Complaint.

30. Intel denies the allegations contained in paragraph 30 of the First Amended Complaint.

31. Intel denies the allegations contained in paragraph 31 of the First Amended Complaint.

32. Intel denies the allegations contained in paragraph 32 of the First Amended Complaint.

33. Intel admits that it has purchased equipment supplied by ASM America, Inc. Intel denies the remaining allegations contained in paragraph 33 of the First Amended Complaint.

34. Intel denies that the Parent Plaintiffs worked with such equipment in Chandler before the births of the minor plaintiffs. Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the First Amended Complaint and, therefore, denies same.

35. Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the First Amended Complaint and, therefore, denies same.

36. Intel denies the allegations contained in paragraph 36 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 36, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

37. Plaintiffs' allegations in paragraph 37 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Intel denies those allegations.

38.     Intel denies the allegations contained in paragraph 38 of the First Amended Complaint.

39.     Plaintiffs' allegations in paragraph 39 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Intel denies those allegations.

40.     Plaintiffs' allegations in paragraph 40 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Intel denies those allegations.

41.     Plaintiffs' allegations in paragraph 41 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

42.     Plaintiffs' allegations in paragraph 42 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

43.     Intel denies the allegations contained in paragraph 43 of the First Amended Complaint.

44.     Intel denies the allegations contained in paragraph 44 of the First Amended Complaint.

45.     Intel denies the allegations contained in paragraph 45 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 45, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

46.     Intel denies the allegations contained in paragraph 46 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 46, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

47.     Intel denies the allegations contained in paragraph 47 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining

allegations contained in paragraph 47, Intel is without knowledge or information sufficient to
form a belief as to the truth of those allegations and, therefore, denies same.

## COUNT I

48.     Intel adopts and incorporates by reference herein its responses to the allegations
contained in paragraphs 1 through 47 of the First Amended Complaint as if set forth herein
and denies any allegations set forth in paragraph 48 of the First Amended Complaint.

49.     Intel denies the allegations contained in paragraph 49 of the First Amended
Complaint to the extent those allegations are made against Intel.  As to the remaining
allegations contained in paragraph 49, Intel is without knowledge or information sufficient to
form a belief as to the truth of those allegations and, therefore, denies same.

50.     Intel denies the allegations contained in paragraph 50 of the First Amended
Complaint to the extent those allegations are made against Intel.  As to the remaining
allegations contained in paragraph 50, Intel is without knowledge or information sufficient to
form a belief as to the truth of those allegations and, therefore, denies same.

51.     Intel denies the allegations contained in paragraph 51 of the First Amended
Complaint to the extent those allegations are made against Intel.  As to the remaining
allegations contained in paragraph 51, Intel is without knowledge or information sufficient to
form a belief as to the truth of those allegations and, therefore, denies same.

52.     Intel denies the allegations contained in paragraph 52 of the First Amended
Complaint to the extent those allegations are made against Intel.  As to the remaining
allegations contained in paragraph 52, Intel is without knowledge or information sufficient to
form a belief as to the truth of those allegations and, therefore, denies same.

53.     Intel denies the allegations contained in paragraph 53 of the First Amended
Complaint to the extent those allegations are made against Intel.  As to the remaining
allegations contained in paragraph 53, Intel is without knowledge or information sufficient to
form a belief as to the truth of those allegations and, therefore, denies same.

54.     Intel denies the allegations contained in paragraph 54 of the First Amended
Complaint to the extent those allegations are made against Intel.  As to the remaining

Gibson, Dunn &
Crutcher LLP

No. CV2010-011544

allegations contained in paragraph 54, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

55.    Intel denies the allegations contained in paragraph 55 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 55, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

56.    Intel denies the allegations contained in paragraph 56 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 56, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

57.    Intel denies the allegations contained in paragraph 57 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 57, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

58.    Intel denies the allegations contained in paragraph 58 of the First Amended Complaint to the extent those allegations are made against Intel. As to the remaining allegations contained in paragraph 58, Intel is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies same.

## COUNT II

59.    Intel adopts and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 58 of the First Amended Complaint as if set forth herein and denies any allegations set forth in paragraph 59 of the First Amended Complaint.

60.    Intel admits that its Penang facilities are owned by subsidiaries wholly owned by Intel. Intel admits the remaining allegations regarding ownership contained in paragraph 60 of the First Amended Complaint. Intel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the First Amended Complaint and, therefore, denies same.

61.     Plaintiffs' allegations in paragraph 61 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations.

62.     Plaintiffs' allegations in paragraph 62 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations.

63.     Plaintiffs' allegations in paragraph 63 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations.

## COUNT III

64.     Intel adopts and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 63 of the First Amended Complaint as if set forth herein and denies any allegations set forth in paragraph 64 of the First Amended Complaint.

65.     Plaintiffs' allegations in paragraph 65 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

66.     Plaintiffs' allegations in paragraph 66 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

## COUNT IV

67.     Intel adopts and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 66 of the First Amended Complaint as if set forth herein and denies any allegations set forth in paragraph 67 of the First Amended Complaint.

68.     Plaintiffs' allegations in paragraph 68 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

Gibson, Dunn & Crutcher LLP

No. CV2010-011544

69.     Plaintiffs' allegations in paragraph 69 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

## COUNT V

70.     Intel adopts and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 69 of the First Amended Complaint as if set forth herein and denies any allegations set forth in paragraph 70 of the First Amended Complaint.

71.     Plaintiffs' allegations in paragraph 71 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

72.     Plaintiffs' allegations in paragraph 72 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

73.     Plaintiffs' allegations in paragraph 73 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

74.     Plaintiffs' allegations in paragraph 74 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

75.     Plaintiffs' allegations in paragraph 75 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

76.     Plaintiffs' allegations in paragraph 76 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

77.     Plaintiffs' allegations in paragraph 77 of the First Amended Complaint contain legal conclusions to which no response is required.  To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

78. Plaintiffs' allegations in paragraph 78 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

79. Plaintiffs' allegations in paragraph 79 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

80. Plaintiffs' allegations in paragraph 80 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Intel denies those allegations to the extent they are made against Intel.

## COUNT VI

81. Intel adopts and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 80 of the First Amended Complaint as if set forth herein and denies any allegations set forth in paragraph 81 of the First Amended Complaint.

82. Plaintiffs' allegations in paragraph 82 of the First Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Intel denies those allegations, together with the "WHEREFORE" clause and sections 1 through 7 contained therein, to the extent they are made against Intel.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Intel does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, or that Plaintiffs are relieved of their burdens to prove each and every element of their claims and the damages, if any, to which they claim to be entitled. As and for its affirmative defenses, Intel alleges as follows:

1. The First Amended Complaint, including each of its purported Counts, fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the Arizona Workers' Compensation Act (A.R.S. § 23-901 *et seq.*), including, but not limited to, A.R.S. § 23-906

and A.R.S. § 23-1022, and/or similar statutes in other states, and this court therefore lacks subject matter jurisdiction over some or all of plaintiffs' claims.

3. Plaintiffs' claims are barred, in whole or in part, to the extent any plaintiff sought workers' compensation benefits for any of his or her alleged injuries.

4. Plaintiffs' claims are barred, in whole or in part, because they lack standing to assert such claims against Defendants.

5. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiffs' claims are barred, in whole or in part, because Intel is not liable, vicariously or under any other theory for any of the acts or omissions that Plaintiffs allege ASM America, Inc. committed.

7. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own contributory negligence and/or comparative fault.

8. Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, setoff, recoupment and/or estoppel.

9. Plaintiffs' claims are barred, in whole or in part, by the defense of consent and/or informed assumption of the risk.

10. Plaintiffs' claims are barred, in whole or in part, because nothing Intel purportedly did or failed to do either directly or proximately caused or contributed to any of the injuries and/or damages alleged in the First Amended Complaint.

11. Any damages resulting from the conduct alleged against Intel were caused by individuals and/or entities other than Intel.

12. Intel presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional and yet unstated affirmative defenses, including those matters constituting an avoidance or affirmative defense within the meaning of Ariz. R. Civ. P. 8(c). Accordingly, Intel reserves the right to assert additional defenses in the event that discovery demonstrates that any such defense is appropriate or applicable.

# REQUEST FOR RELIEF

WHEREFORE, Intel requests as follows:

A.     That all claims contained in Plaintiffs' First Amended Complaint against Intel

be dismissed *with prejudice*;

B.     That Intel be awarded its costs and attorneys' fees pursuant to A.R.S. §§ 12-

341, 12-341.01, and any other applicable rule or law; and

C.     That Intel have such other and further relief as this Court deems just and proper.

Dated:  July 26, 2010

**GIBSON, DUNN & CRUTCHER LLP**
Patrick W. Dennis

Beth A. Coombs
333 South Grand Avenue, Suite 4700

Los Angeles, California  90071-3197

**PERKINS COIE BROWN & BAIN P.A.**

By: s/ David M. LaSpaluto
    David M. LaSpaluto

2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788

Attorneys for Defendant Intel Corporation

No. CV2010-011544

1  Copies of the foregoing mailed
2  July 26, 2010, to:

3  The Honorable J. Kenneth Mangum
   101 West Jefferson, ECB-514
4  Phoenix, Arizona  85003-2243

5
   Steven J. Phillips
6  Levy, Phillips & Konigsberg, LLP
   800 Third Avenue, 13th Floor
7  New York, New York  10022

8
   David D. Strouss
9  Thornton & Naumes, LLP
   100 Summer Street, 30th Floor
10 Boston, Massachusetts  02110

11
   Richard S. Plattner
12 Frank Verderame
   Randall A. Hinsch
13 Plattner Verderame PC
   P.O. Box 36570
14 Phoenix, Arizona  85067-6570

15

16 Stephen D. Hoffman
   Lewis Brisbois Bisgaard & Smith LLP
17 Phoenix Plaza Tower II
   2929 North Central Avenue, Suite 1700
18 Phoenix, Arizona  85012

19
   Attorneys for Defendant ASM America, Inc.
20

21 s/ Shawne Murphy

22

23

24

25

26

27

28